SAMUEL, Judge.
This case is before us again after remand for additional evidence.[1] Plaintiff seeks rescission of the sale of a 1973 Alfa Romeo automobile purchased by him from defendant, Precision Motors, Inc. Also made defendants are Alfa Romeo, Inc., the vehicle’s distributor, and Alfa Romeo, the vehicle’s manufacturer.
In our original opinion we set forth the rule that, although it is not necessary for the buyer to prove the particular and underlying cause of the defect in a complicated piece of machinery, the burden of proof is upon the plaintiff to establish both the existence of a redhibitory defect and its existence at the time of the sale when the defect does not manifest itself within the three day presumptive period provided by Civil Code Art. 2530.[2] The case was remanded for taking further evidence “[bjecause of the necessity of proof by plaintiff of a defect which existed at the time of the sale and the effect of a major disassembling of the engine upon plaintiff’s ability to determine such a defect and properly tender the vehicle back to defendants . . .."
On remand, plaintiff introduced the deposition of Jim Williams, the owner of Jim Williams Motor Company, a Fiat dealer in Laredo, Texas. The Williams’ dealership was authorized by Alfa Romeo to replace a head gasket which apparently had blown and caused lack of engine compression. Williams testified only that the head gasket was replaced, after which the engine still had no compression. He stated the engine was disassembled at his dealership and inspected by a machine shop in Laredo. He further stated that while the engine was still disassembled it was inspected by an Alfa Romeo representative. He did not state who authorized the disassembly of the engine. He did state his business records reflected neither a charge nor a payment for that service, but he also said his service department, particularly the manager thereof (who was no longer employed by *623 him), had had several telephone conversations with the Alfa Romeo people in California.
Also on remand, defendants offered the testimony of Aquiles A. Gemba, service representative of Alfa Romeo, who inspected the vehicle’s engine when it was in a disassembled state on a workbench in the service department of the Williams company. Gemba testified he reported to his company that he “presumed” the original cause of the malfunction of the automobile was a burned out head gasket. However, he testified he based his report on information obtained from Williams and from Williams’ service manager because the head gasket was not with the automobile’s engine when he examined it.
Gemba further testified he could not determine what caused the head gasket to fail, if indeed it had, because the car’s failure could have been driver abuse, insufficient coolant in the engine, a broken hose, a leaking clamp, or a multitude of other conditions. He further testified he did not know the engine had been disassembled pri- or to his arrival at Williams’ dealership to inspect it, and he did not know who ordered its disassembly.
The evidence produced on remand eliminates the problem of proper tender. Defendants did not prove plaintiff authorized the disassembly of the engine, thereby destroying his ability to properly tender'the vehicle back to them.[3] Because the engine’s disassembly was performed at the Williams’ dealership, where work authorized by defendants had been performed, and because there is no evidence plaintiff authorized the disassembly of the engine, we conclude plaintiff made sufficient tender and defendants were not prejudiced in their ability to defend the suit by plaintiff’s actions.
As pointed out in this court’s original opinion,[4] the disassembly of the engine prevented anyone from giving meaningful testimony regarding the cause of the engine’s failure. Likewise, on remand, the testimony of Aquiles A. Gemba also was meaningless since he saw the engine only after it had been taken apart and candidly admitted his inability to determine the cause of the failure. The trial judge found, and we concur, that the Williams dealership acted at all times as the agent for Alfa Romeo and not for the plaintiff. Nothing in the record contradicts this finding.
Just as defendants were unable to prove the origin of the engine’s failure because of its disassembled state, plaintiff is likewise in the same position. Since the jurisprudence establishes a plaintiff who secures major engine repairs which result in his inability to return the automobile in substantially the same condition to the seller cannot rescind the sale because of improper tender,[5] likewise the opposite rule is applicable to a dealer whose agent performs substantial work on the engine and this work renders plaintiff’s proof of the existence and nature of the defect impossible. In our original opinion,[6] we noted testimony of the expert witnesses tended to establish that plaintiff’s engine probably would have run if properly reassembled, and the engine bore distinct markings to indicate improper tools, equipment, and procedures were used by the Fiat dealership in attempting repairs.
Considering the record as a whole, we conclude that while the plaintiff bears the burden of proving a redhibitory defect and its existence at the time of the sale, the plaintiff in this case was prevented from producing such proof by the actions of defendant’s agent, Jim Williams Motor Company, in Laredo, Texas. Consequently, plaintiff should be allowed to recover.
*624 The only difference between the original judgment and the judgment on remand is the inclusion of Precision Motors, Inc. as a solidary obligor. In view of the Supreme Court’s decision in Media Pro. Consult., Inc. v. Mercedes-Benz of N. A., Inc.,[7] we conclude this amendment to the judgment is correct.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.
REDMANN, J., concurred with written reasons.

. See Margan v. Precision Motors, Inc., La.App., 317 So.2d 664.

. See Margan v. Precision Motors, Inc., Id., at page 668.

. See Johnson v. H. W. Parson Motors, Inc., La.App., 231 So.2d 73.

. See Margan v. Precision Motors, Inc., supra, note 1, at 667-668.

. See Johnson v. H. W. Parson Motors, Inc., supra note 3; LaFleur v. Boyce Machinery Corporation, La.App., 282 So.2d 819.

. Margan v. Precision Motors, Inc., supra, note 1.

. 262 La. 80. 262 So.2d 377.