CIACCIO, Judge.
This case arose on Daniel Carter’s petition for a writ of mandamus directing the Orleans Parish District Attorney to furnish copies of a number of records and reports which are in the prosecutor’s files. After a hearing on the matter, the District Attorney was ordered to furnish Carter with a copy of the file compiled in connection with his prosecution.
The District Attorney appeals the lower court’s decision questioning the constitutionality and application of certain statutes in the Public Records Act. As appellant states the issue, it is “whether the trial court should apply La.R.S. 44:32(0(2), as amended in 1968; or, whether the trial court should apply La.R.S. 44:32(C)(l)(a), as amended in 1989.”
Although appellant speaks of the 1968 amendment,[1] there have been two subse *672 quent and intervening amendments prior to the 1989 amendment. The 1978 amendment, added by 1978 La. Acts, No. 686 Sec. 1 revised and added new provisions to the existing statute.[2] The 1981 amendment is most relevant to appellant’s claims since it rewrote subsection C.[3] This revision authorized the commissioner of administration to set uniform fees for copies of records held by state agencies. The two methods for setting fees was the notable distinction between state agencies and other custodians of public records in this statutory scheme. The only relevance of the 1989 amendment is its renumbering of what was formerly section 44:32(C)(l)(a) and adding section 44:32(C)(l)(b).[4]
*673 Subsection C directed custodians of public records to provide records to persons requesting them and authorized them to charge fees in most cases. In appellant’s view, the clause “For all public records, except public records of state agencies” found in 44:32(C)(l)(a), is language which excludes the District Attorney’s office from its purview because that office is a state agency. While that is true, the companion clause, 44:32(C)(2), plainly includes public records custodians of state agencies such as the District Attorney’s Office.
The office of District Attorney is created by the state Constitution in Art. 5, section 26, Constitution of 1974. The test for determining whether an office is a state agency according to Mullins v. State, 387 So.2d 1151 (La.1980) is in its origins. If created by the legislature or initially established by the constitution it is a state office.
In other words, although appellant correctly concludes that the District Attorney’s office is excluded by one section of the statute, we fail to understand the benefit of appellant’s argument since the office is clearly included in the later section. This subsection (C)(2) of the statute has never been amended and is still applicable in its current form.
Appellant also questions whether La. R.S. 44:32 is unconstitutionally contradictory, ambiguous and unenforceable. We find no ambiguity in the statutory scheme. When the 1981 amendment divided subsection C into subparts 1 and 2, there was obviously a distinction made between state agencies and other repositories of public records. In our opinion, the appellant misreads the thrust of the 1989 amendment and its effect on the duty of state agencies to produce records. Nothing changed the duties of the respective custodians to provide copies of public records upon request. The changes involved the provisions for levying fees and determining who was eligible to obtain records at reduced charges.
The 1989 amendment made absolutely no change to the subsection of the statute governing state agencies or in this case, the appellant. The 1989 amendment neither added to nor subtracted from the duty of the District Attorney’s office to produce the records requested by the appellee. The 1989 amendment simply added another category of public records custodians — clerks of court and various Orleans Parish record keepers— to the statutory scheme and gave them the authority to enact uniform procedures for copying records.
There is now an increasing body of opinions illustrating the principle that the Public Records Act is to be liberally construed in favor of broad public access to public records. See Lemmon v. Connick, 590 So.2d 574 (La.1991); Title Research Corp. v. Rausch, 450 So.2d 933 (La.1984); Cormier v. DiGuilio, 553 So.2d 806 (La.1989); Article 12, Section 3 of the Louisiana Constitution of 1974 grants Louisiana citizens an unequivocal right to examine public records. This right can be denied only when the law specifically and unequivocally provides against access. Harrison v. Norris, 569 So.2d 585 (La.App.2d Cir.1990), writ denied 571 So.2d 657 (La.1990).
Appellant is of the opinion that the legislative intent of the 1989 amendments to R.S. 44:32 was “not to overwhelm state agencies with request (sic) for copies.” Should the statute in its present form fail to state the true intent of the legislature this Court is not the proper forum to correct this alleged deficiency. Clarification of legislative intent or amendment of the law is reserved to the state legislature.
The appellee filed a peremptory exception with this court seeking to dismiss this appeal on the grounds that there is no appealable issue because none of the three issues which the appellant seeks to appeal was raised in *674 the lower court. One of the issues raised by the appellant on appeal is the constitutionality of La.R.S. 44:32. Under C.C.P. Art. 2163, “(T)he appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the ease for a decision, and if proof of the ground of the exception appears of record”. The grounds for the exception would be the failure to join the Attorney General as an indispensable party when alleging the unconstitutionality of a state statute pursuant to C.C.P. 1880.
In Succession of Walker v. Walker, 524 So.2d 907 (La.App. 5th Cir.1988), the court ruled that a peremptory exception could not be considered for the first time on appeal where the record before the appellate court did not contain grounds for the exception. However, failure to join an indispensable party may be noticed by the Court of Appeal on its own motion. Blanchard v. Naquin, 428 So.2d 926, (La.App. 1st Cir.1983), writ denied 433 So.2d 162 (La.1983).
The question of the constitutionality of a statute could not be considered on appeal, where it had not been passed on by the trial court according to Ricks v. Crowell & Spencer Lumber Co., 189 So. 466 (La.App. 1st Cir.1939), particularly when it is raised only by means of argument, in brief and orally. Marchese v. New Orleans Police Dept., 226 La. 982, 77 So.2d 742 (1955).
The only assertion made initially by the appellant in his response to appellee’s application for writ of mandamus was to file a response brief verifying that the District Attorney’s Office was in compliance with the law and had discharged its obligations to the appellee. Attached to the brief was a copy of their letter to the appellee denying his request for the records on the grounds that the District Attorney’s Office is a state agency and is exempted from providing copies through the authority of La.R.S. 44:32(C)(l)(a). Now, in this Court, in brief, he asserts for the first time that La.R.S. 44:32 “in its present form, is unconstitutionally contradictory, ambiguous and unenforceable.”
The constitutionality of a statute must first be questioned in the trial court, not the appellate court and the plea of unconstitutionality must be specially pleaded according to the court in Johnson v. Welsh, 334 So.2d 395 (La.1976).
Further, the District Attorney’s office did not serve the Louisiana Attorney or make him a party to this action pursuant to La.C.C.P. 1880. In Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984), the court held that the appellant could not assert for the first time on appeal that a statute was unconstitutional where the plea of unconstitutionality was not specially pleaded, and the attorney general was not served.
Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.

. The revisions added by 1968 La. Acts, No. 473, Sec. 1 are shown in italics.
Sec. 32. Duty to permit examination; prevention of alteration; payment for overtime
All persons having custody or control of any public record shall present it to any person who is authorized by the provisions of this Chapter and who applies during the regular office hours or working hours of the person to whom the application is made. The persons in custody or control of a public record shall make no inquiry of any person authorized by this Chapter who applies for a public record, beyond the purpose of establishing his authority; and shall not review nor examine or scrutinize any copy, photograph or memoranda in the possession of any authorized person; and shall give, grant and extend to the authorized persons all reasonable comfort and facility for the fall exercise of the right granted by this Chapter; provided, that nothing herein contained shall prevent the lawful custodian of a record from maintaining such vigilance as is required to prevent alteration of any such record while same is being examined by a person under the authority of this section; and provided further, that notwithstanding the require- *672 merits contained hereinabove, examinations of records under the authority of this section must be conducted during regular office or working hours. If the chief of the office or the person next in authority among those present in the office shall authorize examination of records in other than regular office or working hours, the persons designated to represent the lawful custodian of such record during such examinations shall be entitled to reasonable compensation to be paid to them by the office, agency or department having lawful custody of such record, out of funds provided in advance by the person examining such record in other than regular office or working hours.

.The revisions added by 1978 La. Acts, No. 686 Sec. 1 are shown in italics.
Sec. 32. Duty to permit examination; prevention of alteration; payment for overtime; copies provided; fees
A. The custodian shall present any public record to any person of the age of majority who so requests. The custodian shall make no inquiiy of any person who applies for a public record, except an inquiry as to the age and identification of the person and may require the person to sign a register and shall not review, examine or scrutinize any copy, photograph, or memoranda in the possession of any such person; and shall extend to the person all reasonable comfort and facility for the full exercise of the right granted by this Chapter, provided that nothing herein contained shall prevent the custodian from maintaining such vigilance as is required to prevent alteration of any record while it is being examined; and provided further, that examinations of records under the authority of this Section must be conducted during regular office or working hours, unless the custodian shall authorized examination of records in other than regular office or working hours. In this event the persons designated to represent the custodian during such examination shall be entitled to reasonable compensation to be paid to them by the public body having custody of such record, out of funds provided in advance by the person examining such record in other than regular or working hours.
B. If any record contains material which is not a public record, the custodian shall separate the nonpublic record and make the public record available for examination.
C. It shall be the duty of the custodian of a public record to provide copies of it to persons so requesting. The custodian may establish and collect reasonable fees for making copies of the public record. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state. No fee shall be charged to any person to examine or review any public records, except as provided in this Section, and no fee shall be charged for examination or review to determine if a record is subject to disclosure, except as may be determined by a court of competent jurisdiction

D.In any case in which a record is requested and a question is raised by the custodian of the record as to whether it is a public record, such custodian shall within three days, exclusive of Saturdays, Sundays and legal public holidays, of the receipt of the request in writing for such record, notify in writing the person making such request of his determination and the reasons therefor.

. 1981 La. Acts, No. 933 Sec. 2 amended and reenacted Section C.
La.R.S. 44:32(C)(1) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons so requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state.
(2) For all public records of state agencies, it shall be the duty of the custodian of such records to provide copies to persons so requesting. Fees for such copies shall be charged according to the uniform fee schedule adopted by the commissioner of administration, as provided by R.S. 39:241.

Copies shall be provided at fees according to the schedule, except for copies of public records the fees for the reproduction of which are otherwise fixed by law, Copies of records may be furnished without charge or at a reduced charge to indigent citizens of this state or the persons whose use of such copies, as determined by the custodian, will be limited to a public purpose, including but not limited to use in a hearing before any governmental regulatory commission.

. Amended by 1989 La. Acts, No. 404 Sec. 1. The new provision is italicized.
La.R.S. 44:32(C)(l)(a) For all public records, except public records of state agencies, it shall be the duty of the custodian of such public records to provide copies to persons requesting. The custodian may establish and collect reasonable fees for making copies of public records. Copies of records may be furnished without charge or at *673 a reduced charge to indigent citizens of this state.

La.R.S. 44:32(C)(1)(b) For public records in the custody of a clerk of court, the clerk may also establish reasonable uniform written procedures for the mechanical reproduction of any such pub-lie record. Additionally in the parish of Orleans, the recorder of mortgages, the register of conveyances, and the custodian of notarial records may each establish reasonable uniform procedures for the mechanical reproduction of public records in his custody.