DANIEL L. DYSART, Judge.
| plaintiff Ethan Brown appeals the district court’s ruling denying his request, under the Public Records Act, to obtain certain supplemental police reports. For the reasons that follow, we reverse the district court’s ruling and remand for further proceedings.
BACKGROUND:
Ethan Brown filed a Petition for Writ of Mandamus under the Louisiana Public Records Act, naming Roñal Serpas as the defendant, both in his capacity as superintendent of the New Orleans Police Department and as custodian of the records maintained by the department (hereinafter referred to collectively as “NOPD”). Brown sought “any and all records in the custody and control of the New Orleans Police Department concerning Aaron Harvey. Mr. Harvey is deceased. The specific information sought was from all cases in which Harvey was a suspect, defendant, witness, complainant or victim. The petition listed six known cases.
Prior to filing the Petition for Writ of Mandamus, Brown and the NOPD exchanged a series of emails. After seeking clarification of the exact documents requested, NOPD informed Brown that the City Attorney’s office had advised that only initial reports would be released and that no supplemental reports would be forthcoming. Subsequently, Brown specifically requested confirmation of what documents, i.e., photographs, arrest registers, chain of custody forms, crime lab reports, etc., would be released. He received no response.
Brown sent another email to NOPD requesting, as per a previous offer, to inspect and review the information deemed “public” by the NOPD/City Attorney’s Office. He received no response and the subject petition was filed.
A hearing was held on January 17, 2012, after which the trial court requested Brown’s counsel to prepare the judgment.
On March 20, 2012, Brown filed a proposed judgment relative to the January hearing, which indicated by way of certificate that the NOPD objected to the judgment as written, including entitling the pleading “partial judgment.” Contemporaneous with the filing of the proposed judgment, Brown filed a Motion to Compel Disclosure of Public Records seeking specific documents which Brown alleged should be contained within the initial reports, and a Motion for Attorney Fees and Costs.
The trial court signed the judgment as prepared on March 22, 2012, wherein it denied Brown’s request for supplemental police reports and granted Brown’s request for initial reports. The judgment indicated that the parties consented to | -¡produce all reports, both initial and supplemental, as to one of the six cases listed in the petition. The transcript reveals that this particular case had resulted in a conviction. The transcript of the hearing further reflects that the trial court stated it was reserving judgment “with respect to *387 all items encompassed within Plaintiffs initial public records request but not specifically delineated within that initial request.” The trial court orally ordered Brown to submit a specific request to the NOPD, and further reserved judgment as to attorney fees and costs pending a final accounting and written submission by Brown.
On May 14, 2012, the trial court rendered a judgment on Brown’s motion to compel and motion for attorney fees and costs, and on defendant’s Motion to Alter or Amend the Judgment [of March 22, 2012]. The trial court denied NOPD’s motion to amend the previous judgment, denied Brown’s motion to compel, and granted Brown $500 in attorney fees and costs. This appeal followed.
DISCUSSION:
A. Procedural Issues:
Our initial review of this appeal raised jurisdictional questions, which this Court requested the parties address in post-argument briefs. The first issue was whether the March 22, 2012 judgment was appealed timely, and the second issue was whether the May 14, 2012 “final” judgment was interlocutory in nature, and therefore not appealable.
In his post-argument brief, Brown argues that the March 22 judgment did not adjudicate two claims raised in his Petition for Mandamus, specifically: 1) the records encompassed within but not specifically identified in the |4records request; and 2) attorney fees, costs and damages. Thus, the judgment was not final and appealable as of right. La.Code Civ. Proc. art. 1915 A. As such, to be appealable, the subject judgment had to be designated by the trial court as a final and appealable judgment. La.Code Civ. Proc. art. 1915 B(1). Brown asserts that because the trial court signed the judgment as prepared and entitled over the objection of the NOPD, and further denied the NOPD’s motion to alter or amend the judgment, it is clear that the trial court intended the judgment to be a partial judgment not subject to immediate appeal.
NOPD’s argument is based on what is contained in the transcript, that is, the trial court never indicated that it was reserving judgment until such time as the appellant submitted a list of specific items requested from the NOPD.
When the oral reasons or minutes conflict with the written judgment, the latter governs. J.L. Philips & Co., Inc. v. Barber, 150 La. 907, 91 So. 293 (1922); Marino v. Marino, 576 So.2d 1196 (La.App. 5 Cir.1991); Selfe v. Travis, 29 So.2d 786 (La.App. 2 Cir.1947). Additionally, the jurisprudence clearly holds that the trial judge may, within his authority, render a judgment which differs substantially from his prior oral statement. The oral reasons form no part of the judgment. Marino v. Marino, supra; Sanford v. Sanford, 468 So.2d 844 (La.App. 1 Cir. 1985); Margan v. Precision Motors, Inc., 317 So.2d 664 (La.App. 4 Cir.1975); appeal after remand, 360 So.2d 621 (La.App. 4 Cir.1978). Consequently, the minutes and oral opinion of the trial court are of no moment in our analysis.
|BThus, because the partial judgment as rendered states that issues were reserved until a later date, we find that the March 22, 2012 judgment was a partial judgment not designated for immediate appeal. The instant appeal is timely.
B. Merits of Trial Court Ruling:
The sole issue on appeal is whether the trial court erred in ruling that supplemental police reports are exempt pursuant to the Public Records Act.
Louisiana Revised Statute 44:3 provides *388 in pertinent part [1]
A. Nothing in this Chapter shall be construed to require disclosures of records or the information contained therein, held by the offices of the attorney general, district attorneys, sheriffs, police departments, Department of Public Safety and Corrections, marshals, investigators, public health investigators, correctional agencies, communications districts, intelligence agencies, or publicly owned water districts of the state, which records are:
(1) Records pertaining to pending criminal litigation or any criminal litigation which can be reasonably anticipated, until such litigation has been finally adjudicated or otherwise settled, except as otherwise provided in Subsection F of this Section; or
[[Image here]]
(4)(a) The records of the arrest of a person, other than the report of the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction. However, the initial report of the officer or officers investigating a complaint, but not to apply to any followup or subsequent report or investigation, records of the booking of a person as provided in Louisiana Code of Criminal Procedure Article 228, records of the issuance of a summons or citation, and records of the filing of a bill of information shall be a public record.
(b) The initial report shall set forth:
(i) A narrative description of the alleged offense, including appropriate details thereof as determined by the law enforcement agency.
(ii) The name and identification of each person charged with or arrested for the alleged offense.
| f,(iii) The time and date of the alleged offense.
(iv) The location of the alleged offense.
(v) The property involved.
(vi) The vehicles involved.
(vii) The names of investigating officers.
The Louisiana Public Records Law is intended to enforce the public’s fundamental, constitutional right to public records in the most expansive and unrestricted way possible. La. Const. Art. XII, § 3; Alliance for Affordable Energy v. Frick, 96-1763 (La.App. 4 Cir. 5/28/97), 695 So.2d 1126.
The Act must be liberally construed in favor of broad public access to public records. Capital City Press v. East Baton Rouge Parish Metropolitan Council, 96-1979 (La.7/1/97), 696 So.2d 562, 564; Carter v. Connick, 623 So.2d 670, 673 (La.App. 4 Cir.1993). Denial of a request for a public record can only be sustained if the law specifically and unequivocally provides against access. See Capital City Press, supra; Cormier v. Di Giulio, 553 So.2d 806 (La.1989).
Relying on State v. Burnes, 516 So.2d 375 (La.App. 4 Cir.1987), the trial court held that supplemental reports are exempt from production under the Public Records Act; thus, only initial reports are subject to disclosure.
Brown contends that he is entitled to all records in the custody of the NOPD relative to the six enumerated police actions set forth in his request because the death of Aaron Harvey logically precludes any *389 further litigation proceeding in the criminal cases for which the records are sought.
He argues that the exceptions to disclosing supplemental reports are temporal, that is, the exception exists only “until pending or reasonably anticipated criminal litigation has been finally adjudicated or otherwise settled.” La. R.S. 44:3 A(1); In re Matter Under Investigation, 07-1853, p. 26 (La.7/1/09), 15 So.3d 972, 990. As Aaron |7Harvey is deceased there can be no reasonably anticipated litigation. The cases are concluded. Thus, the temporary exception no longer applies. We agree.
NOPD argues that supplemental reports are not public records by virtue of the exemptions contained in La. R.S. 44:3A(4)(a), which specifically states that disclosure of records does not apply to any follow-up or subsequent report or investigation. We find this argument lacks merit. NOPD’s interpretation would only hold true if La. R.S. 44:3A(4)(a) were read in a vacuum. The subsections must be read in pari materia. Further, both subsections contain temporal elements which allow for disclosure once certain factors are met. All of those temporal elements are satisfied with the death of the defendant whose records are sought.
Accordingly, we find that supplemental police reports are public records, subject to the exception found in La. R.S. 44:3A(4)(a). We also find that the exception is temporal in nature. La. R.S. 44:3A(1). Thus, once it is clear that no further litigation is forthcoming relative to the records requested, the exception ceases to exist and the records become subject to disclosure.
Applying this finding to the facts of this case, we hold that the records requested by Ethan Brown are public records and must be disclosed. Accordingly, we reverse the ruling of the trial court denying production of the public records requested in the writ of mandamus.
REVERSED AND RENDERED

. Subsection F of the statute addresses the procedure for family members of a victim to obtain records. It is not germane to this appeal.