ROLAND L. BELSOME, Judge.
| ¶ This appeal arises from the trial court’s award of costs and fees pursuant to a public records request. Ethan Brown claims that the award allocated by the trial court was inadequate and did not conform with La. R.S. 44:35. For the reasons that follow, we agree.
*750 This Court provided the following recitation of the procedural history of this case in Brown v. Serpas (hereinafter Brown I):
Ethan Brown filed a Petition for Writ of Mandamus under the Louisiana Public Records Act, naming Roñal Serpas as the defendant, both in his capacity as superintendent of the New Orleans Police Department and as custodian of the records maintained by the department (hereinafter referred to collectively as “NOPD”). Brown sought “any and all records in the custody and control of the New Orleans Police Department concerning Aaron Harvey. Mr. Harvey is deceased. The specific information sought was from all cases in which Harvey was a suspect, defendant, witness, complainant or victim. The petition listed six known cases.
Prior to filing the Petition for Writ of Mandamus, Brown and the NOPD exchanged a series of emails. After seeking clarification of the exact documents requested, NOPD informed Brown that the City Attorney’s office had advised that only initial reports would be released and that no supplemental reports would be forthcoming. Subsequently, Brown specifically requested confirmation of what documents, i.e., photographs, arrest registers, chain of custody forms, crime lab reports, etc., would be released. He received no response. Brown sent another email to NOPD requesting, as per a previous offer, to inspect and review the information deemed “public” by the NOPD/City Attorney’s Office. He received no response and the subject petition was filed. [2A hearing was held on January 17, 2012, after which the trial court requested Brown’s counsel to prepare the judgment.
On March 20, 2012, Brown filed a proposed judgment relative to the January hearing, which indicated by way of certificate that the NOPD objected to the judgment as written, including entitling the pleading “partial judgment.” Contemporaneous with the filing of the proposed judgment, Brown filed a Motion to Compel Disclosure of Public Records seeking specific documents which Brown alleged should be contained within the initial reports, and a Motion for Attorney Fees and Costs.
The trial court signed the judgment as prepared on March 22, 2012, wherein it denied Brown’s request for supplemental police reports and granted Brown’s request for initial reports. The judgment indicated that the parties consented to produce all reports, both initial and supplemental, as to one of the six cases listed in the petition. The transcript reveals that this particular case had resulted in a conviction. The transcript of the hearing further reflects that the trial court stated it was reserving judgment “with respect to all items encompassed within Plaintiffs initial public records request but not specifically delineated within that initial request.” The trial court orally ordered Brown to submit a specific request to the NOPD, and further reserved judgment as to attorney fees and costs pending a final accounting and written submission by Brown.
On May 14, 2012, the trial court rendered a judgment on Brown’s motion to compel and motion for attorney fees and costs, and on defendant’s Motion to Alter or Amend the Judgment [of March 22, 2012], The trial court denied NOPD’s motion to amend the previous judgment, denied Brown’s motion to compel, and granted Brown $500 in attorney fees and costs.
Brown v. Serpas, 12-1308 (La.App. 4 Cir. 3/20/13), 112 So.3d 385.
*751 Mr. Brown appealed the March 22, 2012 judgment. On appeal, this Court determined that the supplemental police reports detailing the arrests and alleged criminal activity of Aaron Harvey were public records and were subject to disclosure under the Public Records Act. Id. The matter was remanded for further proceedings. Subsequent to that ruling, Roñal Serpas and the New Orleans Police Department (collectively “the NOPD”) filed a writ application with the Louisiana Supreme Court, which was denied. Brown v. Serpas, 13-0880 (La.6/21/12), 118 So.3d 416.
| ¡¡Once the Louisiana Supreme Court denied writs, Mr. Brown filed a Motion to Compel Production of Public Records in Accordance with the Ruling of the Fourth Circuit Court of Appeal and a Motion and Order for Attorney’s Fees and Costs and Civil Damages. The NOPD filed oppositions to the motions and a contradictory hearing was conducted on October 4, 2013. At the conclusion of that hearing, the trial court granted the motion to compel and awarded Mr. Brown $1,000.00 in attorney’s fees and $47.00 in costs.[1] This appeal followed.
In the current appeal, Mr. Brown argues that the trial court erred in refusing to award reasonable attorney’s fees and other costs arising from the petition for writ of mandamus, the appeal that followed, and the defense of the appeal opinion in the Louisiana Supreme Court. He further argues that the trial court erred in failing to find that NOPD’s refusal to comply with the records request was arbitrary, capricious, and unreasonable.
The award of attorney’s fees and costs relating to a public records request is mandated by La. R.S. 44:35, which provides in pertinent part:
A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney’s fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
[[Image here]]
C. Any suit brought in any court of original jurisdiction to enforce the provisions of this Chapter shall be tried by preference and in a summary manner. Any appellate courts to which the suit is brought shall place it on its Lpreferential docket and shall hear it without delay, rendering a decision as soon as practicable.
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney’s fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney’s fees or an appropriate portion thereof.
Once a record requester prevails in a suit under the Louisiana Public Records Act, La. R.S. 44:35 mandates an award of *752 reasonable attorney’s fees and other costs of litigation. The statute further states that if the records requester is partially successful in its suit the court has discretion in awarding reasonable attorney’s fees. La. R.S. 44:35(D).
Initially, Mr. Brown only prevailed in part and the trial court awarded him $500. The NOPD contends that because the $500 award was uncontested at the appellate level in Brown I, it is the law of the case and Mr. Brown cannot receive additional attorney’s fees and costs.
The law of the case doctrine refers to “(a) the binding force of trial court rulings during later stages of the trial, (b) the conclusive effects of appellate court rulings at the trial on remand, and (c) the rule that an appellate court will ordinarily not reconsider its own rulings of law on a subsequent appeal in the same case.” Petition of Sewerage and Water Bd. of New Orleans, 278 So.2d 81, 83 (La.1973). The doctrine “may bar redetermination of a question of law or a mixed question of law and fact during the course of a judicial proceeding.” 1 Frank L. Maraist and Harry T. Lemmon, Louisiana Civil Law Treatise: Civil Procedure, at § 6.7. The doctrine is discretionary and “applies to parties who have previously had the identical question presented and decided by an appellate court.” Avenue Plaza, L.L.C. v. Falgoust, 96-0173 (La.7/2/96), 676 So.2d 1077,1079.
IfiThe initial $500 award was in the trial court’s discretion given the fact that Mr. Brown was only partially successful at that time. La. R.S. 44:35(D). In this appeal, Mr. Brown’s right to attorney’s fees and associated litigation costs are based on him being successful in Brown I and then in his defense of the Supreme Court writ.[2] Thus, once this Court ruled fully in Mr. Brown’s favor and the Supreme Court denied writs, the right to an award of attorney’s fees and litigation costs were mandated by law. Id. The fact that Mr. Brown did not appeal the initial $500 award does not bar Mr. Brown from asserting his legal right to the fees and costs required by La. R.S. 44:35. The law of the case doctrine, as defined, is simply inapplicable under the facts and circumstances of this case. Therefore, the trial court erred when it determined that the law of the case doctrine prohibited any further award of attorney’s fees and costs as it related to the writ of mandamus, the appeal that followed, and the defense of the appeal opinion in the Louisiana Supreme Court.
The record in this matter supports the award of attorney’s fees in the amount of $15,400.50 (reduced by the $500 previously awarded) and litigation costs of $1,944.08. Additionally, we find that Mr. Brown is due reasonable attorney’s fees related to this appeal in the amount of $2,500.00 and costs in the amount of $500.00.
Mr. Brown also contends that the trial court erred in failing to find that the NOPD acted in an arbitrary, capricious, and unreasonable manner by not producing the requested documents timely. Mr. Brown argues that he should be awarded | ficivil penalties pursuant to La. R.S. 44:35(E).[3] Mr. Brown seeks the maximum penalty of $100 a day starting from a few days after this Court’s opinion in Brown I, *753 March 25, 2013 until the supplemental police reports were produced, July 12, 2013. In response, the NOPD contends that it acted in good faith and produced the records in a timely manner after the Louisiana Supreme Court denied writs.[4]
Although it was ultimately determined that the supplemental police reports were public record under the Act, we do not find that this record supports a finding that the NOPD acted in an arbitrary, capricious, or unreasonable manner in defending its position that the reports were excluded from the Act. Accordingly we do not find that the trial court erred by not awarding civil penalties.
For the reasons discussed, the trial court judgment is reversed and judgment is rendered in favor of Ethan Brown. Mr. Brown is hereby awarded attorney’s fees in the amount of $17,900.50 and $2,444.08 in litigation costs.
REVERSED AND RENDERED.
LOBRANO, J., Concurs in the Result.

. In the transcript of the hearing, the trial court states that it will award $1,944.00 in costs and $1,000.00 in attorney’s fees associated with the motion to compel. However, the trial court’s judgment ordered $47.00 in costs. The trial court acknowledged in its reasons that it erroneously stated from the bench that $1,944.00 in costs would be awarded.

. A judgment becomes definitive and final when no further review can be sought. See La. C.C.P. art. 2166 and 2167.

. La. R.S. 44:35(E) reads in pertinent part: (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to re *753 spond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.

. The NOPD maintains that the judgment was not a final judgment that could be acted on until the writs were denied by the Louisiana Supreme Court.