IgCARTER, Judge.
This is an appeal in a suit for mandamus.

FACTS

On February 22, 1993, defendant, Rodney Revere, requested that the St. Tammany *1230 Sheriffs Office forward to him various items pursuant to LSA-R.S. 44:1, et seq.[1] By letter, dated March 2,1993, the office of Sheriff Patrick J. Canulette informed Revere that it could not release the personnel records of its deputies.
Thereafter, on April 20, 1993, Revere filed an application for writ of mandamus, requesting that the sheriff show cause why the requested documents should not be produced. On April 30, 1993, the trial judge denied Revere’s request, ex parte, noting that all non-privileged documents had previously been provided. There is no evidence in , the record that a contradictory hearing was held on the issue.
From this adverse judgment, Revere appeals.[2]

FAILURE TO HAVE HEARING ON MANDAMUS PROCEEDING FOR PRODUCTION OF PUBLIC RECORD

Revere contends that the trial court erred in failing to conduct a contradictory hearing on his petition for mandamus.
This issue was addressed by this court in Revere v. Layrisson, 593 So.2d 397 (La.App. 1st Cir.1991). For the reasons outlined in Revere v. Layrisson, we find that the trial court erred |sby rendering judgment on a petition for mandamus without first conducting a contradictory hearing as required by law.

CONCLUSION

For the above reasons, the judgment of the trial court is reversed, and the matter is remanded to the trial court for a contradictory hearing on Revere’s petition for mandamus.
REVERSED AND REMANDED.

. Revere sought the following information: A copy of the termination (retirement) record or form for KENNETH SAVIGNOL, dob 12-22^16, a former officer of yours. GUY LEBLANC, JR. a former detective in your office and the N.O. police. Also I am in need of your department policy in regard to inventory of vehicles.-

. Initially, Revere filed an application for supervisory writs with this court. Under docket number 93 CW 0925, this court determined that the trial court’s action in denying Revere’s action for mandamus was a final, appealable judgment. Therefore, the matter was remanded to the trial court, with instructions, to grant Revere an appeal.