664 So.2d 1214 (1995)
Jeffery FUSSELL
v.
Honorable Walter REED, District Attorney, 22nd Judicial District Court, Parish of St. Tammany.
No. 95 CA 0398.
Court of Appeal of Louisiana, First Circuit.
November 9, 1995.
*1215 William R. Campbell, Jr., District Attorney's Office, New Orleans, for State of Louisiana.
Jeffery Fussell, Angola, Pro Se.
Before SHORTESS, PARRO and KUHN, JJ.
SHORTESS, Judge.
Jeffery Fussell (plaintiff) is serving a life sentence for second degree murder at the Louisiana State Penitentiary in Angola. In pursuit of post-conviction relief, plaintiff filed a request to Walter Reed, District Attorney of St. Tammany Parish, under the public records statutes, Louisiana Revised Statutes 44:1-41, for "[a]ll documents on file in the matter of State of Louisianav.Jeffery Fussell, Docket No.: 109-263." Joseph Tosterud, an assistant district attorney, made the following written reply:
Your public records request is acknowledged. A search of our closed file storage room and all other places where we keep files has failed to find a file in your case. As you know, this case was prosecuted by a previous administration in 1983. The District Attorney is not required to keep files for more than three years.
The Sheriff's Office may be able to produce some of the documents you wish. A public records request to that agency may be your solution. We cannot comply with your request since we cannot locate a file.
On September 1, 1994, plaintiff, acting as his own counsel, filed an action asking that Reed be mandated to produce the documents.[1] The next day, September 2, 1994, the trial court made the following notation on the pleadings: "DENIEDD.A. can't locate such a file." Plaintiff appeals that ruling, which effectively dismisses his mandamus action.
A district attorney's office is a "public body" subject to the public records laws. See La.R.S. 44:1(A)(1). The right of access to public records is a fundamental right guaranteed by Article XII, Section 3, of the Louisiana Constitution. Marler v. Reed, 93-1772, p. 4 (La.App. 1st Cir. 6/24/94), 638 So.2d 1164, 1166. The legislature has statutorily provided that any person of the age of majority has the right to obtain a reproduction of any public record, subject to certain exceptions set forth in the public records laws. La.R.S. 44:31. An exception for records pertaining to pending criminal litigation is found in Revised Statute 44:3, but the supreme court ruled in Lemmon v. Connick, 590 So.2d 574 (La.1991), that post-conviction relief is not "criminal litigation" within the meaning of that exception.
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. La. C.C.P. arts. 3861, 3863. When a petition for writ of mandamus is filed, the court is required to issue an alternative writ directing the defendant to perform the act demanded *1216 or to show cause to the contrary. La.C.C.P. art. 3865. A mandamus action for production of a public record requires a contradictory hearing. State v. Revere, 94-0323, p. 2-3 (La.App. 1st Cir. 6/24/94), 638 So.2d 1229, 1230; Revere v. Layrisson, 593 So.2d 397, 399 (La.App. 1st Cir.1991).
If the record sought is not in the custody of the person to whom the application is made, that person is required to promptly certify in writing to the applicant that the record is not in his custody and to state
in detail to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and method in which, and the exact time at which it was taken from his custody or control. He shall include in the certificate ample and detailed answers to inquiries of the applicant which may facilitate the exercise of the right granted by this Chapter.
La.R.S. 44:34 (emphasis added). The trial court dismissed plaintiff's suit based on nothing more than Tosterud's letter.
Under the public records law, the applicant seeking the records is entitled to specific, ample, and detailed information regarding the whereabouts of the absent records. The contradictory hearing is necessary from the applicant's standpoint, especially if he obtains information which might lead to his finding the absent records, or if he can verify the records have, in fact, been destroyed.
The trial court committed legal error in dismissing plaintiff's mandamus action without a contradictory hearing. We reverse the judgment of the trial court and remand this action to the trial court for further proceedings. Costs of this appeal in the amount of $114.00 are taxed to the District Attorney of St. Tammany Parish.
REVERSED AND REMANDED.
KUHN, J., concurs and assigns reasons.
KUHN, Judge, concurring.
I concur to emphasize that fundamental constitutional liberties ensure access to public records. The judicial system should not be frustrated by half-hearted attempts at compliance with the obligations created by the public records doctrine.
NOTES
[1] The pleading is entitled "Motion for Enforcement of District Attorney's Files Under LRS. 44:1 et seq., La. Const. Art. 3 Public Records Act, Subsection 31," but it was clear from the substance of the document that plaintiff was seeking a writ of mandamus. Pleadings must be construed so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. La.C.C.P. art. 865; Kuebler v. Martin, 578 So.2d 113, 114 (La.1991). The nature of a pleading must be determined by its substance, not its caption. Bonaventure v. Pourciau, 577 So.2d 742, 746 (La.App. 1st Cir.1991). This is particularly true when a party is representing himself.