726 So.2d 1082 (1999)
Erin HUNTER
v.
Richard PENNINGTON.
No. 98-CA-1821
Court of Appeal of Louisiana, Fourth Circuit.
January 20, 1999.
*1083 Erin Hunter, Louisiana State Penitentiary Angola, Louisiana, Plaintiff/Appellant, in pro. per.
Court composed of Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY III, Judge Pro Tempore JAMES C. GULOTTA.
JAMES C. GULOTTA, Judge Pro Tem.
Erin Hunter appeals the district court's December 19, 1997 judgment, which: (1) dismissed the writ of mandamus for public record information sought by plaintiff against Orleans Parish Sheriff Charles Foti; (2) granted mandamus ordering New Orleans Police Superintendent Richard Pennington and District Attorney Harry Connick to respond to plaintiff's request for public records information; and (3) denied plaintiff's request for civil penalties and damages against all three defendants. Hunter contends the district court erred in dismissing the writ against Foti and in refusing to award penalties, litigation costs and other damages allegedly due him under La. R.S. 44:35, the enforcement provision of the Public Records Act.
Plaintiff is an inmate in the Louisiana State Penitentiary serving a life term for a second degree murder conviction. The information he seeks relates to his trial and conviction. La. R.S. 44:35 provides that any person who has been denied the right to inspect or copy a public record either by a final determination of the custodian or by the custodian's failure to respond within five days may institute proceedings in the district court for a writ of mandamus. Plaintiff wrote letters to the defendants requesting specific information from each, and when they failed to respond, he instituted this action.
From Sheriff Foti, plaintiff requested a copy of the arrest (booking) record of Vanessa Causey, a key witness at his murder trial, and a copy of certain parish prison log books pertaining to Causey. Before the hearing in the trial court, Foti filed a written response stating he had not received plaintiff's request and therefore had no notice. Foti attached a copy of Causey's arrest record to his response and mailed a copy to plaintiff. Finally, he asserted the log books "are not maintained for more than three years; therefore, the log book entries that plaintiff requested have not existed for seven years." Based on Foti's response, the trial judge dismissed the writ.
Plaintiff argues on appeal that Foti's response does not comply with La. R.S. 44:34. We disagree.
The statute provides that if a requested public record is not in the custody of the official from whom it is sought, the public official shall state in writing "to the best of his knowledge and belief, the reason for the absence of the record from his custody or control, its location, what person then has custody of the record and the manner and *1084 method in which, and the exact time at which it was taken from his custody or control." Foti's assertion that the log books in question have not existed for seven years satisfies the requirements of the statute because it clearly indicates that the information is not in the custody of anyone else; presumably, it has been destroyed. We do not believe any purpose would be served by requiring Foti to give the exact time and manner in which the information was destroyed.
Neither of the cases cited by plaintiff supports his argument. In Fussell v. Reed, 95-0398 (La.App. 1 Cir. 11/9/95), 664 So.2d 1214, the court held that a mandamus action for production of public records requires a contradictory hearing. The record in the instant case reflects that the district court held a contradictory hearing on November 21, 1997. In Alliance for Affordable Energy v. Frick, 96-1763 (La.App. 4 Cir. 5/28/97), 695 So.2d 1126, this court held that the custodian's response that the requested documents were not "in [his] possession" did not satisfy the Public Records Law because the custodian may not avoid his responsibility under the law by transferring physical possession to another. This holding clearly does not apply to the instant situation, in which Foti responded that the records no longer exist. Therefore, we conclude that the district court did not err in dismissing the writ of mandamus as to Foti.
Plaintiff also contends that he is entitled to civil penalties, costs and actual damages from each of the three defendants for their failure to respond timely to his requests. R.S. 44:35 provides, in pertinent part:
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such a suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such a person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request ... it may award the requester any actual damages proven by him ... In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request... it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays and legal public holidays for each such day of such failure to give notification.
In the instant case, plaintiff filed his action for writ of mandamus against the three custodians and prevailed in part. The court dismissed the writ as to Foti, and ordered defendants Pennington and Connick to produce the requested items "to the extent that such information is available," specifying that plaintiff would be required to pay for the copies. The judge denied plaintiff's request for penalties.
We find no abuse of discretion in the trial judge's refusal to award attorney's fees, costs of litigation, actual damages or civil penalties. Under the statute, the award of attorney's fees and costs is discretionary when the plaintiff prevails in part, as here. Actual damages and civil penalties are authorized only when the court finds that the custodian of the records has acted arbitrarily, capriciously or unreasonably.
Based on the record herein, we cannot say that the response of any of the three officials was arbitrary, capricious or unreasonable. As previously noted, Foti responded to the mandamus action by stating that his office had never received plaintiff's request for information, and by providing plaintiff with the available information. The record contains no written response by Pennington. Connick responded by asserting that he is not required to provide information to plaintiff free of charge, which was confirmed by the trial court. With regard to Pennington and Connick, plaintiff's request for penalties and damages is premature, as there is ongoing litigation in the district *1085 court concerning the production of these records.[1]
Accordingly, for the reasons stated, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] On September 11, 1998, plaintiff filed in the district court a motion for sanctions against Pennington and Connick for their alleged failure to comply with the judgment appealed herein. On November 25, 1998, the trial court (following a contradictory hearing) rendered judgment denying sanctions for reasons stated therein, and giving defendants thirty days to fully comply with the original mandamus order and to provide proof of compliance to the court. These documents, while not a part of the record in this court, are public records on file in the district court.