842 So.2d 1124 (2003)
William A. DWYER
v.
Mavis EARLY, City Attorney for the City of New Orleans.
No. 2002-CA-1545.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 2003.
Writ Denied May 30, 2003.
*1125 William A. Dwyer, Eric R. Goza, New Orleans, LA, for Plaintiff/Appellant.
Charles L. Rice, Jr., City Attorney, Evelyn F. Pugh, Chief Deputy City Attorney, Dawn E. Segura, Assistant City Attorney, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO JR.).
TERRI F. LOVE, Judge.
Willard Dwyer ("Dwyer") appeals a trial court judgment, denying his request for an award of attorneys' fees, costs, and statutory penalties, against the City of New Orleans ("City"), for its failure to comply with a request for public records. For the following reasons, we affirm the ruling of the trial court.

FACTS AND PROCEDURAL HISTORY
Dwyer made several public records request for documents relative to agencies of the City of New Orleans, pursuant to La. R.S. 44:1, et seq. The City filed responses; however, the responses were incomplete. Dwyer then made personal visits to the City Attorney's office to obtain the missing responses, but to no avail.
Dwyer, after several months, filed a Writ of Mandamus against the City. The trial court issued an order directing the City Attorney to either comply with Dwyer's requests for public records or show cause why the City should not comply with his request and why attorney's fees, costs, and penalties should not be awarded.
The matter was set for hearing. The trial court at the hearing on December 26, 2001, ordered Dwyer to produce a "Master List" of the entire public records request he made which had not been answered, and the City was to respond to the "Master List" at the hearing scheduled a month later, on January 18, 2002. The City produced all documents sought by Dwyer.
The trial court set a third hearing, on February 26, 2002, to decide the issue of attorney's fees, costs, and statutory penalties. The parties submitted memoranda. The trial court heard testimony from Dwyer and issued a judgment denying his requests for attorney's fees, costs, and statutory penalties.

DISCUSSION
Dwyer alleges three assignments of error. First, the trial court erred in failing to obtain testimony at the first hearing on December 26, 2001. Second, the trial court erred, as a matter of law in finding an award of attorney's fees, costs, and statutory penalties was discretionary. Third, the trial court erred in finding the City was not arbitrary and capricious, thereby denying his request for attorney's fees, costs, and penalties.
As to Dwyer's first assignment of error, we find the trial court's ruling from December *1126 26, 2001, is not properly before this Court. The appeal lodged in this matter is relative to the judgment of February 27, 2002. Therefore, we will not address that assignment.
As to the two remaining assignments, we will address those issues jointly. The trial court in its reasons for judgment stated:
Although the La. R.S. 44:35 calls for an award of attorney's fees for failure to comply with a request for public records, the courts have held that the granting of such an award, and the amount to be awarded is within the discretion of the trial judge. See, Times Picayune Publishing Corporation v. New Orleans Aviation Board, 99-273 (La.App. 5th Cir.8/31/99), 742 So.2d 979, writ denied, 99-2838 (La.12/10/99), 751 So.2d 257; Hunter v. Pennington, 98-1821 (La.App. 4th Cir.1/20/99), 726 So.2d 1082. An award of penalties and costs is appropriate only when the trial court determines the custodian of the records has acted arbitrarily, capriciously or unreasonably. Hunter v. Pennington, Supra.

In light of the confusion inherent in plaintiff's Petition for Writ of Mandamus and numerous attachments (letter requests to the City) and upon review of the nature of the requests, the City's responses to same and the City's response to the court-ordered Master List. The court finds the City did not act arbitrarily, capriciously, or unreasonably in responding to the plaintiff's varied and over-lapping public records request. The totality of the City's responses to the plaintiff's requests and the court-ordered Master List demonstrate that there was a good-faith effort on the part of the City to respond to all of the plaintiff's requests in a reasonable time frame for a public body.
We find the trial court's recitation of the law is correct as to the discretionary nature of the award. Further, the trial court's factual finding that the City was not arbitrary requires great deference and will not be disturbed by this court absent a clear and manifest error. See Syrie v. Schilhab, 96-1027, p. 3 (La.5/20/97), 693 So.2d 1173, 1176. We find that the trial court did not commit such error.
The ruling of the trial court is therefore affirmed.
AFFIRMED.