ROBERT A. CHAISSON, Judge.
12Wayne L. Bacino, Sr. appeals from a judgment dismissing his claims for penalties and attorney fees which he alleges he is owed on grounds that the City of Ken-ner arbitrarily and capriciously violated La. R.S. 44:1, et seq., the Public Records Law. For the following reasons, we affirm that judgment.
FACTS AND PROCEDURAL HISTORY
The events giving rise to this litigation began on March 9, 2011, when Mr. Bacino was arrested during a domestic dispute' involving his daughter and ex-son-in-law. Because the case arose under City of Ken-ner ordinances, the matter came under the jurisdiction of the Kenner Mayor’s Court. On June 16, 2011, Mr. Bacino made a discovery request for all documents in the city’s possession relating to his prosecution. On July 26, 2011, Christopher Wed-dle, the prosecutor, provided Mr. Bacino with all of the documents that were in his file at that time, including the original police report.
On August 25, 2011, Mr. Bacino went to the Kenner Police Department and spoke to Sergeant Stephen Asprion about filing a complaint against his ex-son-in-law regarding the March 9, 2011 incident. On September 21, 2011, at the direction |sof the Kenner Police Department’s Internal Affairs Department, Sergeant Asprion prepared a supplemental report concerning his interaction with Mr. Bacino. On September 30, 2011, Mr. Bacino filed a second request for discovery in the criminal case, this time specifying inter alia, Sergeant Asprion’s supplemental report. Mr. Wed-dle did not respond to this request, but nonetheless, on November 3, 2011, the charges against Mr. Bacino were nolle prossed. Mr. Weddle testified that, although he had no intention of re-opening the case, he retained the right to do so for six more months, or until May 3, 2012.
On December 5, 2011, Mr. Bacino filed a public records request directed to the Ken-ner Mayor’s Office in which he specified that he wanted the “complete criminal file # 91101299 on Wayne L. Bacino, Sr....” After some correspondence with Kenner City Attorney Keith Conley, Mr. Bacino specifically referenced Sergeant Asprion’s supplemental report in a fax. Ten months later, when no documents were forthcoming from the mayor’s office, Mr. Bacino filed the present action for a writ of mandamus, injunctive or declaratory relief, and for damages, attorney fees and costs.
When the matter came for trial, Mr. Weddle testified that he had given Mr. Bacino copies of his entire file on July 26, 2011, and that as far as he knew there were no other documents relating to the prosecution of Mr. Bacino on the domestic disturbance matter. By the time of the opening of trial, Mr. Bacino had been provided a copy of Sergeant Asprion’s report during discovery in a federal suit that he had filed against the city, although that suit had eventually been dismissed.
At the end of the first day of trial, the judge ordered the parties to view the com *285 puter system of the Clerk of Court who had custody of the records to see if Mr. Bacino had received all of the pertinent records. The parties returned to court on March 11, 2013, and it was then established that Mr. Bacino had been given some |4additional copies of screen shots of the clerk’s computer, but nothing else new. The trial judge ruled that Mr. Bacino had not discovered anything which he had not already received, that the city had not acted arbitrarily and capriciously, and that attorney fees and penalties were thus not recoverable. In his oral reasons for judgment, the trial judge noted that Sergeant Asprion’s report was not actually a part of the record of Mr. Bacino’s prosecution, but was instead a report generated after Mr. Bacino had appeared at the police station to make a complaint against his ex-son-in-law. He also noted that Mr. Bacino was not entitled to anything more than the initial police report when he made his public records request on December 5, 2011, because the matter was still open when he made his request. He also observed that Mr. Bacino had indeed been provided the entire prosecutor’s file months before he made his public records request, and that that disclosure contained documents which he would not have been entitled to view under the Public Records Law. His conclusion was that the city had made every effort to respond to his request, and there was no showing that it had acted arbitrarily and capriciously in the matter.
On appeal, Mr. Bacino urges that the factual finding that the City of Kenner did not act arbitrarily and capriciously is manifestly erroneous, and therefore he is entitled to penalties and attorney fees.
DISCUSSION
The parties agree that the standard of review on appeal is whether the findings made by the trier of fact are manifestly erroneous or clearly wrong. Stobart v. State through Department of Transportation and Development, 617 So.2d 880 (La.1993). Under that standard, the question is not whether the reviewing court, had it been sitting as the trier of fact, would have made different findings, but rather, considering the entire record, whether the findings made are treasonable. Id. Also, penalties and attorney fees may be awarded under La. R.S. 44:35 upon a showing that the custodian acted arbitrarily and capriciously. Dwyer v. Early, 02-1545 (La.App. 4 Cir. 3/12/03), 842 So.2d 1124, writ denied, 03-1013 (La.5/30/03), 845 So.2d 1053.
The first section of the Public Records Law, La. R.S. 44:1, defines “public records” expansively to include all records produced by governing bodies in the performance of their duties, unless those records are exempted by specific laws. As to records of prosecutions, La. R.S. 44:3 provides that only the initial report of the arrest of a person is a public record until such time that the prosecution has been finally adjudicated. Section (A)(4)(a) of this statute specifically exempts “any followup or subsequent report” from the definition of “public records.” In the present case, the report of Sergeant Asprion is clearly a subsequent report, and therefore was not subject to disclosure as of December 5, 2011, when Mr. Bacino’s request was filed. Therefore, the failure to provide it was neither improper nor arbitrary.
Mr. Bacino argues, however, that La. R.S. 44:32(D) requires that when the custodian determines that records are exempt from disclosure, he must inform the requester of the legal basis for this determination. Because that was not done in this case by the custodian, Mr. Bacino argues that this was arbitrary and capricious, and thus he is entitled to penalties and attorney fees.
As noted above, the inquiry on this point is whether there was a reasonable *286 basis on the entire record for a finding that the custodian was not arbitrary and capricious. Mr. Weddle testified that since he had given Mr. Bacino a copy of his entire file in July of 2011, he assumed that there was nothing else to produce in response to the December 5, 2011, public records request. It was also shown that the records of prosecutions in the Mayor’s Court were stored on the Clerk of | fi Court’s computer, rather than in a file maintained by the prosecutor. Mr. Wed-dle further testified that when he reviewed the public records request, he called Mr. Bacino to ask what else he wanted, because he thought he had already provided the entire file in July. While Mr. Bacino asserted that Mr. Weddle ended the call abruptly, another version appearing in a letter sent to Mr. Bacino by Mr. Conley, the Kenner City Attorney, was that Mr. Bacino said he was going to another phone and then the line went dead. In either case, the evidence showed that Mr. Weddle was trying to ascertain what records had not already been provided to Mr. Bacino during the criminal prosecution. There was no evidence to establish that Mr. Wed-dle or Mr. Conley was attempting to withhold any documents from Mr. Bacino. On this showing, there was thus a reasonable basis, considering the entire record, for the trier of fact to find that the City of Kenner had not acted arbitrarily or capriciously in responding to Mr. Bacino’s public records request, and we therefore affirm that ruling.
CONCLUSION
For the foregoing reasons, the judgment denying Mr. Bacino penalties and attorney fees is hereby affirmed.

AFFIRMED.