WELCH, J.,
concurs.
hi respectfully agree with the result reached by the majority opinion—that the trial court abused its discretion in excluding the affidavit of the plaintiffs’ exp'ért and that the judgment granting the summary judgment should be vacated. However, I do not agree with other statements and conclusions reached by the majority.*
First and foremost, I believe that the defendant’s reply memorandum challenging the plaintiffs expert’s affidavit was untimely, and therefore, the defendant’s objection to that affidavit was not properly before the trial court. See La. C.C.P. art. 966(D)(2)(providing that the court' “shall consider any documents [filed in support of or in opposition to the motion for summary judgment] to which no objection is made” and that “[a]ny objection to a document shall be raised in a timely filed opposition or reply memorandum.” (Emphasis added)). Louisiana. Code of Civil Procedure article 966(B)(3) requires that the reply memorandum “shall be filed and served ... not less than five days prior to the hearing on the motion,” In computing the period of time allowed by law, if the period of time is less than seven days, then legal holidays are not to be included in the computation of time. See La. C.C.P. art 6059; see also La. C.C.P. art. 966, comments—2015, comment (e). In this case, the record reveals that the hearing in this matter was scheduled for June 23, 2016; hence, the reply memorandum was due not less than five days (not including legal holidays) from that date, which was June 16,2016. As such, the defendant’s fax filing of the reply memorandum on June 20, 2016-—12three days prior to the hearing— rendered it untimely. Therefore, the trial court should not have considered - the defendant’s objection to the plaintiffs expert affidavit and should have considered the plaintiffs expert’s affidavit in opposition to the motion for summary judgment. See La. C.C.P. art. 966(D)(2); As such, the trial court abused its .discretion in excluding the affidavit of the plaintiffs’ expert.
By addressing the merits of the objection to the plaintiffs expert’s affidavit; the majority has determined (implicitly) that the reply memorandum was timely, .presumably on the basis that five days prior to the hearing was June. 18, 2016, which was a Saturday (and a legal holiday), and therefore under La. C.C.P. art. 966(B)(4), the'reply memorandum was timely because it was filed the next day that was not a legal holiday—June. 20, 2016. However, as previously set forth, legal holidays are not included in the computation of the time period within which to file the reply memorandum and the majority’s inclusion of legal holidays in the calculation of the time period to file the reply memorandum ignores the express provisions of La. C.C.P. art. 5059. See also La. C.C.P, art. 966, comments—2015, comment (e). In addition, the majority’s determination suggests that La. C.C.P. ,art. 5059 is applicable to the computation of the applicable time period for filing the motion for summary judgment and the opposition, but not to the reply memorandum, However, such an interpretation would require us to read language into La. C.C.P. art. 966(B)(3) to the effect of “including legal holidays” when such language was not included or intended by our legislature. Furthermore, there is no language in La. C.C.P. art. 966(B)(4) to suggest that the provisions of La. C.C.P. art. 5059 is not applicable to the reply memorandum or that the calculation of the time period within which to file a reply memorandum should include legal *323 holidays. Rather, La. C.C.P. art. 966(B)(4) simply provides a rule that if the deadline for filing and serving the motion, opposition, or reply falls on a legal holiday, then it is timely if it is filed and served no later than the next day that is |Rnot a legal holiday; such language neither abrogates La. C.C.P. art. 5059 nor expressly provides that the calculation of time for filing the reply memorandum should include legal holidays. As such, the majority has erred in its determination that the defendant’s reply memorandum was timely and that a review of the merits of the defendant’s objection to the plaintiffs expert’s affidavit was warranted.
Nevertheless, although, the defendant’s objection to the plaintiffs expert’s affidavit was untimely, I want to specifically point out that I disagree with the majority’s determination that the objection was not properly pled or raised. In my opinion, the objection was sufficiently pled regardless of what the defendant’s may have “captioned” that objection. As set forth in the majority opinion, the defendant’s filed, a reply memorandum and that memorandum contained1 a “Motion to Strike” the plaintiffs expert’s affidavit. Citing La. C.C.P. art. 966, comments—2015, comment (k), the majority has correctly noted that the motion to strike was specifically removed as a means to raise an objection to a document offered by an adverse party in support of or in opposition to a motion for summary judgment and that an objection to ■ a document must be set forth in a timely filed opposition or reply memorandum. See La. C.C.P. art.- 966(D)(2). However, a review of the defendant’s “Motion to Strike” reveals that it was not a motion to strike in accordance with La. C.C.P-. art. 964 or 971 and it did not comply with Louisiana District Court Rules—Rule 9.9; rather, the defendant’s “motion” was simply an objection to the affidavit of the plaintiffs expert in accordance with La. C.C.P, art. 966(D)(2). It is well-settled that a pleading’s nature is determined by its substance, not its caption. See La. C.C.P. art. 865; Revere v. Reed, 95-1913, p. 2 n. 1 (La. App. 1st Cir. 5/10/96), 675 So.2d 292, 297 n. 1; Fussell v. Reed, 95-0398, p. 2 n 1 (La. App. 1st Cir. 11/9/95), 664 So.2d 1214, 1215 n. 1. Therefore, regardless of the defendant’s decision to, caption the objection to the plaintiffs expert’s affidavit |4as a “Motion to Strike,” the substance of the objection was set forth in the reply memorandum; hence, the pbjection was sufficiently pled (albeit untimely).
Lastly, I agree with the majority that any challenge to the qualifications'or methodology of the plaintiffs expert should be filed in a pre-trial motion in accordance with La. C.C.P. art. 1425(F). I also agree with the majority’s ultimate determination that in the absence of a motion (and hearing) in accordance with La. C.C.P. art. 1425(F), when an objection to an affidavit in support of or in opposition to a motion for summary judgment is made in accordance with La. C.C.P. art. 966(D)(2), the only issue to be determined is whether that affidavit is in compliance with La. C.C.P. art. 967. While the majority determines, and I agree, that the record herein establishes that the plaintiffs expert’s affidavit is in compliance with La. C.C.P. art. 967, the majority also relies on the fact that the defendant failed to offer any evidence to support its position that the plaintiffs expert was -not competent to testify. I would expressly point out that such evidence would not have changed the outcome because in making the determination as to whether an affidavit is in compliance with La. C.C.P. art. 967, the trial court is bound by the same rules governing summary judgment, such as the inappropriateness of weighing opinion testimony or of evaluating the credibility of witnesses. See MSOF Corp. v. Exxon Corp., 2004-0988 (La. App. *324 1st Cir. 12/22/05), 934 So.2d 708, 716 n.9, writ denied, 2006-1669 (La. 10/6/06), 938 So,2d 78. In this case, there was no challenge to the plaintiffs expert in accordance with La. C.C.P. art. 1425(F); the plaintiffs expert’s affidavit on its face met the requirements of La. C.C.P. art. 967; therefore, the affidavit was admissible.
Thus, I respectfully concur with the majority opinion.