Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,179-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JAMES T. COLEMAN, JR., ET AL          Plaintiffs-Appellants

versus

PARISH OF BOSSIER, ET AL          Defendants-Appellees

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 164,280

Honorable Charles A. Smith, Judge

* * * * *

THE TOUCHSTONE LAW FIRM
By:  Dylan D. Touchstone

Counsel for Appellants,
James T. Coleman, Jr.,
Clair S. Smith, Loggy
Bayou Properties, LLC,
Clair S. Smith Family
L.P. and Iriey Jean
Wafer.

COOK, YANCEY, KING &
GALLOWAY
By:  Robert Kennedy, Jr.

Counsel for Appellees,
Parish of Bossier, Joe E.
"Butch" Ford, Jr. and
Rachel Hauser

* * * * *

Before COX, THOMPSON, and HUNTER, JJ.

**THOMPSON, J.**

Plaintiffs were forced to extensively litigate, before both the trial and appellate court, their rights to obtain documents determined to be public records, and now seek the statutorily authorized recovery of their attorney fees for having to do so. After a hearing on the matter, the trial court approved recovery of only a portion of Plaintiffs' actual attorney fees, and that limited issue is what brings these parties back before this court. Finding that the trial court abused its discretion in determining the amount for the award of attorney fees to Plaintiffs, we amend and as amended affirm the judgment to increase the attorney fees award, and remand this matter to the trial court for a determination of the additional attorney fees arising from this appeal of the matter, assessing all costs to the Defendants.

### FACTS AND PROCEDURAL HISTORY

The underlying facts giving rise to Appellants' claims for attorney fees resulting from the refusal of the Bossier Parish Police Jury to provide access to public records are detailed in this court's opinion in *Coleman v. Parish of Bossier*, 55,093 (La. App. 2 Cir. 8/9/23), 368 So. 3d 1228. In summary, James T. Coleman, Jr., Ludell Wafer, Clair S. Smith, Loggy Bayou Properties, LLC, and Clair S. Smith Family, L.P. (collectively referred to as the "Plaintiffs"), filed their lawsuit stating that they own properties on the east side of Red Chute Bayou, which is only accessible by crossing the Swan Lake Road Bridge ("the bridge"). The Plaintiffs brought an inverse condemnation suit against the Parish of Bossier, Joe E. Ford, Jr., and Rachel Hauser (collectively referred to as the "Defendants"), alleging

that they pursued the abandonment of the bridge and closed the bridge, making the Plaintiffs' properties inaccessible.

In or around October 2020, employees or agents of Bossier Parish caused large mounds of dirt to be dropped onto the bridge, with the intention of barricading the bridge from being crossed by vehicles. On October 30, 2020, Mr. Coleman and Mr. Wafer sent a letter to Bossier Parish seeking copies of all the bridge's inspection reports. On November 2, 2020, the Parish, through Ms. Hauser, sent a response letter that stated the Parish refused to provide copies of the requested reports. The Plaintiffs requested a temporary restraining order ("TRO") to terminate all actions to abandon the bridge and require the obstacles to be removed.

On July 22, 2021, the Defendants filed exceptions of prescription and improper cumulation of actions. The district court denied the exception of improper cumulation of actions and continued all other matters to be heard at a trial on the merits. On February 9, 2022, the district court signed its judgment and ruled that the bridge's inspection reports are privileged as critical infrastructure information under La. R.S. 44:23.1; therefore, the Plaintiffs' request to produce the reports was denied. Plaintiffs appealed that ruling and on August 9, 2023, this Court held that the records were not privileged, reversing the ruling of the trial court, and the case was then remanded to the trial court for further proceedings. *See Coleman, supra.*

Following the remand and reversal, on September 20, 2023, the Plaintiffs made a written demand to Defendants for release of the records, as well as for payment of attorney fees incurred in litigating the issue. Interestingly, Defendants did not release the records in response to the new

2

written demand following the opinion of this Court on the topic. On October 31, 2023, Plaintiffs filed a "Motion to Reset Hearing for Issuance of Writ of Mandamus" in the trial court. Copies of the demand letter and attorney fee affidavits were attached as exhibits to the motion.

In response, Defendants filed a motion for protective order, seeking to limit the scope of the production and potential disclosure of the bridge inspection reports. Plaintiffs submitted a rebuttal brief. With their rebuttal, Plaintiffs produced supplemental attorney fee affidavits.

Plaintiffs' counsel submitted a total of four affidavits – two per attorney working on the matter. The amount of attorney fees requested and detailed on the four affidavits submitted totaled **$24,474.00**. All the affidavits contained standard entries for legal work, including drafting pleadings, preparing for and taking depositions, legal research, preparing for and attending hearings, drafting the appellate brief, and preparing for and attending oral arguments. The affidavits detailed a rate of $150 per hour for one attorney and a rate of $250 per for the more experienced attorney.

On February 15, 2024, the mandamus and protective order issues were argued before the trial court. The trial court ruled that a writ of mandamus be issued requiring production of public records. Additionally, the trial court awarded Plaintiffs $10,000 of the requested $24,474 in attorney fees, providing the following reasons:

> I will designate the award of attorney's fees as at least a partial final judgment because, in my mind at least, I'm separating out what went into the mandamus action and what didn't. And I've looked at their bills and it's my opinion that the work which was performed with regard to the mandamus, as far as getting it to the hearing, we finally did, the plaintiffs would be entitled to the amount of $6,000 and I believe they're entitled to another

3

$4,000 for the appellate work.  I'm going to leave a total of $10,000 in attorney's fees.

The requested records have since been provided to the Plaintiffs, but the record reflects they have not received any payment of the attorney fee award.  Plaintiffs now appeal the narrow issue of the trial court's award of only $10,000 for attorney fees and argue that they are entitled to the full amount, $24,474, detailed in their affidavits.

## DISCUSSION

Plaintiffs assert one assignment of error:

**Assignment of Error: The trial court committed manifest error when it awarded Plaintiffs attorney's fees in an amount less than detailed in affidavits submitted by Plaintiffs, with no countervailing evidence.**

Plaintiffs argue that La. R.S. 44:35 provides that attorney fees shall be awarded when rights are enforced under the public records law.  Plaintiffs assert that when they were awarded relief under the public records law and were provided with the bridge inspection reports, it was the culmination of many hours of work, memoranda researched and written, and appearances at hearings and depositions.  The lawyers' affidavits were the only positive evidence as to the amount of time spent working on the issue.  Plaintiffs argue that the trial court's reduction of the requested amount was manifest error.

Plaintiffs cite *Carter v. City of Shreveport,* (La. App. 2 Cir. 09/27/17), 244 So. 3d 659, where this Court reversed and increased the amount awarded by the trial court, which had awarded an amount less than what the prevailing attorney requested and demonstrated by supporting affidavit. This Court noted in *Carter, supra,* that there had been no hearing on attorney fees, the Defendants never challenged the affidavit or offered contradictory

4

evidence, and the trial court did not provide a reasonable basis for its lower award. Plaintiffs argue that this Court should reinstate the original amount submitted to the trial court since there was no contradictory evidence presented to dispute it.

In response, Defendants argue that because the Plaintiffs originally consolidated their summary proceeding with two ordinary proceedings, their attorney fee request on the public records request is too high. Defendants argue that Plaintiffs are entitled to attorney fees in connection with the litigation required by the public records request but are not entitled to attorney fees in connection with their injunction action, which was dismissed, and their takings claim, which is still pending. Defendants argue six points in response to Plaintiffs' single assignment of error:

1. Plaintiffs pursued three actions in this single lawsuit, but are entitled to recover attorney's fees at this time for only one of those actions;

2. Most of the pleadings, memoranda and court proceedings, including the prior appeal, involved actions other than the public records request.

3. Plaintiffs did not submit to the trial court all of counsel's invoices and/or time records showing all time spent on pleadings, memoranda, hearings, and the appeal, most if not all of which involved actions other than the public records request, so that the trial court could determine a reasonable allocation of fees to the public records request issue;

4. Plaintiffs provided no explanation of how attorney's fees were allocated among the three actions;

5. Some of the claimed fees were not recoverable under La. R.S. 44:35(D); and

6. Much of the claimed fees are clearly excessive and/or unnecessary, and require reduction under the precedent of the Supreme Court of Louisiana. *See Covington v. McNeese State University*, 12-2182 (La. 5/7/13), 118 So. 3d 343.

5

Defendants argue that Plaintiffs did not bring their action for public records in a summary proceeding, as required under La. R.S. 44:35(C). Rather, they cumulated their public records action with two other actions, one for an unconstitutional takings claim and one for an injunction. Defendants assert that Plaintiffs are entitled to attorney fees only for the public records litigation, but not the other two actions. Defendants argue that Plaintiffs submitted only self-serving affidavits to the trial court, and they did not submit complete copies of invoices, bills, or records of billable time. Defendants claims that Plaintiffs did not provide the trial court with an explanation of how they arrived at the fee amount requested. Defendants argue that the Plaintiffs have made claims for excessive and/or unnecessary fees, and the trial court was required to reduce those fees. Finally, Defendants argue that Ludell Wafer, one of the three plaintiffs that initially had standing in the public records litigation, has passed away and no longer has a right of action in this matter. Therefore, Defendants argue that any award of attorney fees should be reduced by one-third.

The public's right to access public records is a fundamental right guaranteed by the state constitution. La. Const. art. 12, § 3; *Title Research Corp. v. Rausch,* 450 So. 2d 933 (La. 1984). In accordance with this fundamental right, the public records statutes should be construed liberally. *Id.* With regard to attorney fees and costs, La. R.S. 44:35(D) states:

> If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.

The amount of an award for attorney fees is within the discretion of the trial court. *Dwyer v. Early*, 2002-1545 (La. App. 4 Cir. 03/12/03), 842 So. 2d 1124, *writ denied*, 03-1013 (La. 05/30/03), 845 So. 2d 1053; *Bohn v. Louisiana Farm Bureau Mut. Ins. Co.,* 482 So. 2d 843 (La. App. 2 Cir. 1986), *writs denied,* 486 So. 2d 750 (La. 1986) *and* 486 So. 2d 752 (La. 1986). Generally, each case is considered in light of its own facts and circumstances, but the amount awarded must be reasonable. *Bohn, supra.*

We disagree with Defendants' arguments regarding the Plaintiffs' affidavits. La. R.S. 44:35(D) provides that attorney fees and other costs of litigation **shall** be awarded in the event a party prevails in their public records request. The Plaintiffs prevailed; this court ruled that the bridge inspection reports they sought to inspect were not privileged. Plaintiffs have been required to continually seek judicial intervention to obtain copies of public records to which they have been entitled, which intervention is costly and time-consuming. We note that the trial court denied Defendants' exception of improper cumulation of actions in 2021. Defendants' continued arguments relating to their desire to separate the summary proceeding from the ordinary proceedings are not applicable to the issue of attorney fees owed at this stage of the litigation. The ability to review the bridge inspection reports – which we have ruled are public records – is fundamental to all Plaintiffs' claims asserted in their lawsuit.

While we recognize La. R.S. 44:35(D)(1) provides the court may in its discretion award attorney fees or an appropriate portion thereof, we find that the trial court erred in lowering the amount of attorney fees requested by "separating out what went into the mandamus action." The affidavits

7

specifically detailed the work Plaintiffs' counsel performed to prevail on their public records request. We conclude the trial court was manifestly erroneous to limit Plaintiffs' recovery to the additional work that was necessary to be performed on the mandamus action they were forced to file when Defendants refused to produce the bridge inspection reports, even after this Court already ruled that those very reports were not privileged. The legal fees on all issues are so tightly intertwined and interrelated that it is error to attempt to designate a particular action or expense as not related to or arising from such an essential element regarding the very genesis of the legal action.

In the affidavits submitted to the trial court, Plaintiffs included a table detailing the date of the legal work performed, a description of the work performed, and an amount of billable time for each entry. While invoices detailing amounts paid for billable time were not included, this table represents an appropriate time-keeping instrument that is sufficient to show the work performed by Plaintiffs' counsel on the public records request issue. The affidavits do not contain an unreasonable amount of legal work, and the reasonable hourly rates for both attorneys are consistent with rates charged by other lawyers in this community with similar experience. The total time spent on the issue – from the initiation of the pleadings, ongoing discovery, multiple hearings, and through the prior appeal to this Court – was a reasonable and understandable 127 total hours between two attorneys.

The trial court did not hold a hearing specifically on the issue of attorney fees. Defendants did not offer contradictory evidence to refute the accuracy of the affidavits submitted by Plaintiffs' counsel. We conclude the

8

trial court's reasoning for limiting the award to the mandamus action was erroneous. Having reviewed this record and the affidavits submitted by Plaintiffs' counsel, we find the trial court abused its discretion by awarding only $10,000 of the applicable attorney fees the Plaintiffs have been forced to incur to obtain records to which they are entitled. Accordingly, we find that Plaintiffs' assignment of error has merit and agree the attorney fees should be increased to $24,474 for counsel's 127 hours of work and hereby amend the judgment accordingly and as amended we affirm the judgment.

This court has held that the general rule regarding additional attorney fees for work done on appeal is that an increase in attorney fees is usually allowed where a party was awarded attorney fees by the trial court and is forced to, and successfully defends, an appeal. It is within the appellate court's discretion to award or increase attorney fees for appellate work. *Nesbitt v. Nesbitt*, 46,514 (La. App. 2 Cir. 09/21/11), 79 So. 3d 347, *writ denied*, 11-2301 (La. 12/02/11), 76 So. 3d 1178.

Here, Plaintiffs were again successful in obtaining relief on appeal, and the appeal necessitated additional work. As such, pursuant to the mandatory attorney fee language in La. R.S. 44:35(D), we find Plaintiffs are entitled to an increase in attorney fees for this appeal. This matter shall be remanded to the trial court for the determination of the additional reasonable attorney fee award for Plaintiffs for the necessary work on appeal by their respective counsel not previously included.

## CONCLUSION

For the foregoing reasons, the trial court's $10,000 judgment for attorney fees is amended and Plaintiffs are awarded attorney fees in the

9

amount of $24,474, and as amended is affirmed. The matter is remanded to the trial court for further proceedings in accordance with this opinion relative to fixing any additional attorney fee award, in accordance with La. R.S. 44:35(D). Costs of this appeal in the amount of $2,551 are assessed to Defendants.

**AMENDED; AS AMENDED AFFIRMED; REMANDED WITH INSTRUCTIONS.**