JjLEON A. CANNIZZARO, JR., Judge.
K. Brad Ott (“appellant”) appeals the trial court judgment denying his request for public records pursuant to a petition for a writ of mandamus against Jacquelyn Brechtel Clarkson, in her official capacity as a New Orleans City Council Member (“appellee”). For the reasons set forth herein, we affirm the ruling of the trial court.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Pursuant to La. R.S. 44:31 et. seq., appellant issued to appellee a request for public records by certified mail on September 9, 2002. The request, which was received at appellee’s office on September 16, 2002, stated in relevant part:
[I] am requesting that your office make available for review and possible copying any records, memos, communications, directives, e-mails, work orders, surveys and notices of meetings in relation to the removal of park benches from the Jackson Square Pedestrian Park; encompassing the 700 block of Chartres Street (“Chartres Street Mall”) and the 500 block of both St. Ann and St. Peter Streets.
Please call me at my home phone number listed below to work out a specific time you and/or your staff can be present to review and possibly copy the items outlined in this request, under the time and form guidelines under the Louisiana Public Records Act noted above, as well as consequences noted under Louisiana Revised Statute 44:37.
Appellant submits that he did not receive a response to the request and made a second request through his attorney on October 23, 2002. Appellee responded to lathe second request[1] on October 25, 2002, providing appellant with various documents and stating, “[t]his is the entirety of the documents I have in my possession which I believe are responsive to your request.”
Appellant also sought and received records from the French Market Corporation (“FMC”). These records included correspondence between the director of the FMC and appellee, relative to the issue of the benches. Appellant maintains that these documents were not previously produced by appellee, and, therefore, issued another public records request to appellee on February 14, 2003. In connection with this request, appellant was allowed to view all documents on file at appellee’s office. Appellee’s file did not contain the memo from the director of the FMC to appellee that appellant had received from the FMC.
Thereafter, appellant filed a petition for writ of mandamus, alleging appellee’s “behind the scene” activity and failure to comply with the Public Records Act[2] as *665 grounds for the writ. La. R.S. 44:35(A) provides that any person who has been denied the right to inspect or copy a public record either by a final determination of the custodian or by the custodian’s failure to respond within five days may institute proceedings in the district court for a writ of mandamus.
The matter was tried on April 4, 2003, and was submitted after oral argument of counsel. Testimony of the parties was not presented. The trial court thereafter rendered judgment on April 15, 2003, denying the writ of mandamus. In his written reasons for judgment, the trial court stated:
| ¡¡There is no evidence that Councilmem-ber Clarkson unreasonably or arbitrarily failed to respond to Mr. Ott’s request. The Court does recognize, however, an evident need to redefine in particularity the manner in which public officials are to maintain records in their control.
Appellant has timely appealed the judgment of the trial court.

DISCUSSION

Appellant alleges three assignments of error. First, the trial court erred by never addressing appellant’s initial public records request to Councilmember Clarkson. Second, the trial court erred in finding that Councilmember Clarkson did not unreasonably or arbitrarily withhold or fail to respond to the public records request. Third, the trial court erred in denying the writ of mandamus and by not awarding-petitioner damages, costs, and attorney’s fees. We shall address all three assignments of error jointly.
At the outset, we recognize the well-established principle that the trial court’s factual finding that appellee was not arbitrary requires great deference and will not be disturbed by this Court absent a clear and manifest error. Syrie v. Schil-hab, 96-1027 (La.5/20/97), 693 So.2d 1173. A court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The Louisiana Supreme Court has announced a two-part test for the reversal of the fact finder’s determinations: “(1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).” Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). The issue to be | ¿resolved by the reviewing court is not whether the trier of fact is right or wrong but whether the fact finder’s conclusion was a reasonable one. Id. at 882.
Based on the record before this court, we cannot say that appellee’s response was arbitrary, capricious, or unreasonable. Accordingly, we do not find manifest error on the part of the trial court. As previously noted, appellee responded to the records request by providing appellant with the information contained in her file and by affording appellant the opportunity to view the file at appellee’s office. The fact that appellant was able to obtain relevant documents, which were not found in appellee’s file, from a different source does not necessarily indicate that appellee either failed to produce the documents or that she acted unreasonably.
Finally, we conclude that the trial court properly denied appellant the attorney’s fees and penalties sought under La. R.S. 44:35(D). That statute provides that a prevailing party in an action to obtain public records is entitled to reasonable attorney’s fees, and it further pro *666 vides that where a party only prevails in part, the award of attorney’s fees is discretionary with the court. “Actual damages and civil penalties are authorized only when the court finds that the custodian of the records has acted arbitrarily, capriciously or unreasonably”. Hunter v. Pennington, 98-1821, p. 4 (La.App. 4 Cir. 1/20/99), 726 So.2d 1082, 1084.
In the instant case, appellant is not a prevailing party. The trial court dismissed the writ of mandamus. Although appellant succeeded in obtaining the relief sought, he did so because of appellee’s voluntary action in providing the information. Regardless, such an award of penalties is discretionary, and we cannot say, under the facts of this case, that the trial court abused his discretion in refusing to award penalties and attorney’s fees.

CONCLUSION

For the reasons assigned, we affirm the judgment of the trial court, dismissing appellant’s writ of mandamus.
AFFIRMED.

. We note that appellee failed to respond to appellant’s first request for documents within the statutorily mandated five-day period, but appellant did respond to the second request timely. By the time that this suit was filed, appellee had complied with appellant's first and second requests. See La. R.S. 44:35(A).

. La. R.S. 44:1 et. seq.