PAUL A. BONIN, Judge.
_]/The Innocence Project of New Orleans, a non-profit law firm which seeks to exonerate wrongfully convicted persons, submitted a public records request to the New Orleans Police Department through its records custodian, Superintendent Roñal Serpas. The records sought by the Innocence Project pertained to the police investigation and arrest of Bennie Brown, whose felony conviction became final in 1993. Superintendent Serpas, however, did not respond to this request within the statutorily-required three-day period. Following the informal, but documented efforts of the Innocence Project to obtain compliance over the next several months, including a threat to institute future legal proceedings, an assistant city attorney finally informed the Innocence Project by letter that Superintendent Serpas would not produce the records because the superintendent claimed that the records sought were statutorily exempt from production.
The Innocence Project then filed a petition for a writ of mandamus, which also sought attorney’s fees, the costs of litigation, and statutory penalties for Superintendent Serpas’ arbitrary, capricious, and unreasonable failure to timely |2respond to their public records request. After a hearing on the writ at which the superintendent qua custodian did not testify, the trial judge made the writ peremptory, ordering production of the public records. As the *671 Innocence Project was the prevailing party, the trial judge awarded attorney’s fees and costs as required by Public Records Law. The trial judge further ordered Superintendent Serpas to pay penalties in an amount permissible under Public Records Law.
Superintendent Serpas reports that he furnished the public records as ordered by the trial court’s judgment, and does not appeal the issuance of the writ of mandamus. He does appeal the awards granted by the trial court. He does not appeal, however, the amounts of the attorneys’ fees, costs, and penalties. In brief, the Innocence Project also requests that we assess additional sums against the superintendent for filing a frivolous appeal.
Upon our de novo review of the trial court’s awards for costs of litigation and attorneys’ fees, we find that such awards were correctly rendered to the Innocence Project as the prevailing party. We have also reviewed the trial court’s award of penalties under an abuse-of-discretion standard, and find that the trial judge did not abuse his discretion in awarding penalties against the superintendent for his unexplained disregard of the statutory delays in notifying the Innocence Project of the basis of his refusal to produce the requested records. In light of the purposes and objectives of Public Records Law, such unexplained disregard is arbitrary, capricious, and unreasonable; and is deserving of sanctioning by the judiciary.
|sWe do not consider the merits of the Innocence Project’s request for additional sanctions stemming from the filing of what it characterizes as a frivolous appeal by the superintendent because the Innocence Project did not answer the superintendent’s appeal as required by La. C.C.P. art. 2133.
We explain our decision in greater detail below.
I
We begin our explanation with the reminder that the fundamental law of our state guarantees the right to “examine public documents.” La. Const, art. XII, § 3. The right to examine such documents may only be denied “in cases established by law.” Id. “Providing access to public records is a responsibility and duty of the appointive or elective office of a custodian and his employees.” La. R.S. 44:31 A. Here, the custodian of the records of the New Orleans Police Department is Superintendent Serpas.
Because it is essential to the operation of democratic government that the people are aware of all exceptions, exemptions or limitations to the laws pertaining to public records, any such barrier to access not provided for in the Public Records Law itself or the state constitution is without effect. See La. R.S. 44:4.1 A. “The burden of proving that a public record is not subject to inspection, copying, or reproduction shall rest with the custodian.” La. R.S. 44:31 B(3) (emphasis added).
Ordinarily, if the public record is immediately available, it shall be produced immediately; if it is not available because it is in active use at the time of the request, then the custodian is required to make it available for the full exercise of |4the requester’s right under Public Records Law within three days, exclusive of Saturdays, Sundays, and legal public holidays. See La. R.S. 44:33 B(l). If a custodian challenges whether the requested material is a public record, the custodian shall also within that same three day period of the receipt of the request, exclusive of Saturdays, Sundays, and legal public holidays, “notify in writing the person making such request of his determination and the reasons therefor.” La. R.S. 44:32 D (empha *672 sis added). “Such written notification shall contain a reference to the basis under law which the custodian has determined exempts a record, or any part thereof, from' inspection, copying, or reproduction.”[1] Id.
Here, the custodian, Superintendent Serpas, did not act within the three-day statutory period with respect to the public records request. He neither produced the records, nor notified the Innocence Project of his basis in law for not producing the records.
If the requester has been denied the right to inspect or copy a record “by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian,” the requester may institute proceedings for the issuance of a writ of mandamus, along with the award of attorney’s fees, costs, and damages. La. R.S. 44:35 A; see also La. C.C.P. art. 3863 (“writ of mandamus may be directed to a public official to compel the performance of a ministerial duty required by law”).
|BNotably, at the summary hearing on the petition for the writ of mandamus, “the burden is on the custodian to sustain his action.” La. R.S. 44:35 B. The trial judge determines the matter de novo, that is, without any deference to the custodian’s decision or the basis for that decision. See id. If the court finds that the custodian improperly withheld public records from the requester seeking disclosure, the court shall make the writ of mandamus peremptory. See La. C.C.P. art. 3866; see also La. R.S. 44:35 B.
The requester who prevails in such a suit “shall be awarded reasonable attorney’s fees and other costs of litigation.” La. R.S. 44:35 D (emphasis added).[2] Additionally, if the court finds that the custodian unreasonably or arbitrarily failed to respond to,the request within the three-day statutory period, “it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of failure to give notification.” La. R.S. 44:35 E(l).[3]
Here, the trial judge awarded attorney’s fees and the costs of litigation to the Innocence Project as the prevailing party. He also imposed a civil penalty of $5,000. Superintendent Serpas does not challenge the amount of the fees, costs, and penalties. He challenges the awards themselves. In Part II, we consider the award of attorney’s fees and the costs of litigation. We will address the award of civil penalties in Part III.
JiP
In its written request, the Innocence Project sought to inspect and copy all of the police department’s documents and material regarding the department’s investigation and arrest of Bennie Brown for February 10, 1991 burglary and aggravated rape charges assigned NOPD item number B-13855-91. In its written request, but without any obligation on its part, the Innocence Project informed the *673 custodian that Mr. Brown’s conviction had “been affirmed on direct appeal and is final; [sic] making the records open to public inspection.” The Innocence Project also, in its request, helpfully referenced Lemmon v. Connick, 590 So.2d 574, 575 (La.1991) (per curiam), as well as Harrison v. Norris, 569 So.2d 585, 592 (La.App. 2nd Cir.1990), which the Lemmon decision approvingly cites. Applying the holdings and rationales of those decisions,[4] there is no doubt that Bennie Brown’s conviction became final on October 15, 1993 when the Louisiana Supreme Court denied writ application after we affirmed his, conviction. See State v. Brown, 625 So.2d 1062, 1062 (La.1993); see also State v. Brown, 620 So.2d 508 (La.App. 4th Cir.1993). Thus, Mr. Brown’s conviction had been final for almost twenty years prior to the Innocence Project submitting its request to Superintendent Serpas.
Ultimately, the writ of mandamus was made peremptory, and the requested records were produced.[5] Superintendent Serpas has not assigned as error the |7issuance of the writ of mandamus, and the Innocence Project, the requester, clearly prevailed in its suit. Thus, as we already indicated, the trial court was required to award reasonable attorney’s fees and other costs of litigation to the Innocence Project. See La. R.S. 44:35 D. Thus, under these circumstances, an award of attorney’s fees and costs of litigation is not discretionary. We review the granting of the award, but not the amount of the award, de novo because it is a question of law. We find that the trial judge was correct in granting the award of attorney’s fees .and costs of the litigation.[6]
Superintendent Serpas now argues that he acted in “good faith” in refusing to produce the public records, and, on that account, should not be assessed attorney’s fees and the costs of litigation.[7] Oddly, he relies upon an earlier holding by this Court in which we reversed the trial court for failing to make such an award. See Ferguson v. Stephens, 623 So.2d 711, 718 (La.App. 4th Cir.1993). He does point out that, in that case, we left open, in dicta, “the possibility” that exceptional circumstances might warrant such consideration. Id. at 716. The statute, however, does not provide for such an exception, and, in light of the need to protect the public’s right to access public records, we see no justification to judicially create such an exception. See Heath v. City of Alexandria, 09-28, p. 8 (La.App. 3 Cir. 5/6/09), 11 So.3d 569, 574.
_km
We now turn to consider Superintendent Serpas’ complaint regarding the imposition of civil penalties upon him. If a trial court finds that the custodian unreasonably or arbitrarily failed to respond to a public records request within the three-. day statutory period, “it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays *674 for each such day of such failure to give notification.” La. R.S. 44:35 E(l) (emphasis added). Thus, an award of civil penalties under Public Records Law is discretionary with the trial judge, and we will review the award under an abuse-of-discretion standard. See Ott v. Clarkson, 03-1287, p. 4 (La.App. 4 Cir. 12/10/03), 863 So.2d 663, 666.
A
On November 20, 2012, the Innocence Project submitted its written public records request. Having received no response whatsoever to its request from the custodian of the records, the Innocence Project, without any obligation on its part, left messages via telephone on January 22, 2013, and February 4, 2013. Again, there was no response. The Innocence Project next emailed a copy of the request on February 4, 2013. Still receiving no response, the Innocence Project, again, without any obligation on its part, directly contacted the city attorney’s office by letter on February 13, 2013.
Finally, on February 18, 2013, sixty-five days after receiving the public records request, an assistant city attorney for the City of New Orleans, apparently |9on behalf of the custodian, informed the Innocence Project for the first time in writing that “the records requested will not be made available for your review” with the exception of the initial police report under that item number. The written notification identified La. R.S. 44:3 A(l) as the basis for the contention that the requested records were exempt, but actually quoted La. R.S. 44:3 A(4)(a). Based upon the custodian’s argument in the trial court along with his written argument before us, we understand that the custodian admitted that the requested records would be public and producible under La. R.S. 44:3 A(l) in accordance with the Louisiana Supreme Court’s decision in Lemmon v. Connick, 590 So.2d 574. The custodian, thus, was claiming a different exemption under § 3 A(4)(a).
Section 3 of Public Records Law exempts certain types of records of police departments from disclosure. See La. R.S. 44:3 A. One exemption from disclosure protects “[t]he records of the arrest of a person, other than the report of the officer or officers investigating a complaint, until a final judgment of conviction or the acceptance of a plea of guilty by a court of competent jurisdiction.” La. R.S. 44:3 A(4)(a) (emphasis added). “However, the initial report of the officer or officers investigating a complaint, but not ... any follow-up or subsequent report or investigation, ... shall be a public record.” Id.
Superintendent Serpas’ then-argument, it seems, was that police reports which supplemented an initial investigative report remained exempt from disclosure, even in cases such as this one where there was a final judgment of conviction. In support of his argument, the superintendent relied upon two of our Indecisions which concerned whether a defendant in an ongoing prosecution was entitled to a supplemental police report as a public record.[8] These decisions are patently not authoritative for the superintendent’s position. The only other support for the superintendent’s then-stated interpretation was a district court decision which held that a supplemental report was not a public record in a case in which there was no final judgment of conviction because the arrestee had died; while this matter was before the trial court, we reversed the district court’s decision in that matter. *675 See Brown v. Serpas, 12-1308 (La.App. 4 Cir. 3/20/13), 112 So.3d 385, writ denied, 13-0880 (La.6/21/13), 118 So.3d 416. As we explained, the exception excluding supplemental police reports from being public records is temporal in nature, such that “once it is clear that no further litigation is forthcoming relative to the records requested, the exception ceases to exist and the records become subject to disclosure.” Id., 12-1308 at p. 7, 112 So.3d at 389.
Superintendent Serpas’ then-argument did not seem to consider that “whenever there is any doubt as to whether the public has the right of access to certain records, the doubt must be resolved in favor of the public’s right of access.” Landis v. Moreau, 00-1157, p. 4 (La.2/21/01), 779 So.2d 691, 694. Nor did his argument seem to consider that Public Records Law has been interpreted “to allow defendants full access to district attorney’s files and supplemental police reports for purposes of postconviction relief.” State v. Chapman, 97-0967, p. 6 (La.9/3/97), 699 So.2d 504, 507 (emphasis added). And, finally, the superintendent | „did not credit the Fifth Circuit’s holding that “[rjeading La. R.S. 44:3 A(4)(a) we find all subsequent police reports can be disclosed because [that defendant’s] conviction [was] final.” Trenticosta v. Mamoulides, 633 So.2d 786, 789 (La.App. 4th Cir.1994).
B
The trigger for a discretionary award of civil penalties is the failure of the custodian to properly respond to a requester within the three-day statutory period. The trial judge must also find that the custodian’s failure to respond to the requester was unreasonable or arbitrary. See La. R.S. 44:35 E(l); see also Dwyer v. Early, 02-1545 at p. 3, 842 So.2d 1124, 1126 (La.App. 4 Cir.2003) (citing Hunter v. Pennington, 98-1821, p. 4 (La.App. 4 Cir. 1/20/99), 726 So.2d 1082, 1084). Neither the superintendent, nor his counsel offered any explanation for his lack of response to the request either within the statutory period, or in the days and weeks following. Especially in light of the ongoing attempts by the Innocence Project to obtain some feedback from the superintendent, and to avoid unnecessary and costly legal action, it is clear that Superintendent Serpas simply ignored the request, and thereby subjected himself to the possibility of penalties.
A custodian is personally liable for the payment of a civil penalty. See La. R.S. 44:35 E(2). Clearly, this is to discourage public records custodians from ignoring a request, thereby forcing a requester to engage in costly and time-consuming litigation when the production of public records is designed to be swift and economical.
The penalties may not exceed “one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to |12give notification.” La. R.S. 44:35 E(l). There were at least fifty qualifying days between the receipt of the request and the date on which the custodian, through the assistant city attorney, gave notification of the basis for his refusal to produce the public records. Thus, the amount of the penalties does not exceed that which is allowable by law.
The superintendent complains that the trial judge did not give written reasons explaining his decision. But written reasons for judgment are not required unless requested by party not later than ten days after the mailing of notice of judgment, see La. C.C.P. art.1917, and Superintendent Serpas did not make such a request.
*676 We cannot discern any abuse of discretion by the trial judge in awarding penalties in an allowable amount, and, accordingly, defer to his judgment in this regard which is based upon a correct application of governing legal principles.
IY
We now briefly address why we cannot consider the Innocence Project’s argument in brief that Superintendent Serpas’ appeal is frivolous and, on that account, we ought to award damages. Because the Innocence Project did not answer the appeal of Superintendent Serpas, we have no jurisdiction to determine whether his appeal is frivolous and deserving of sanctioning.
We “may award damages, including attorney fees, for frivolous appeal.” La. C.C.P. art. 2164. “Although La. C.C.P. art. 2164 provides for damages for frivolous appeals, such damages are not proper where the party does not appeal or answer the appeal pursuant to La. C.C.P. art. 2133.” Legaux v. Orleans Levee Bd., 99-2453, p. 5-6 (La.App. 4 Cir. 5/17/00), 769 So.2d 19, 22. “An appellee shall not be obliged to answer the appeal unless he desires to have the judgment 11smodifled, revised, or reversed in part or unless he demands damages against the appellant.” La. C.C.P. art. 2133 (emphasis added). Thus, the Innocence Project’s failure to answer or file an appeal precludes as procedurally barred a review of their request for damages for a frivolous appeal. See Carroll v. Department of Police, 06-0726, p. 5 (La.App. 4 Cir. 11/21/06), 946 So.2d 674, 677.
CONCLUSION
The trial judge was legally correct in awarding attorney’s fees and the costs of litigation to the Innocence Project as a requester who prevailed in the suit. The trial judge did not abuse his discretion in imposing civil penalties in the amount of $5,000 upon the custodian. The Innocence Project is procedurally barred from seeking damages for a frivolous appeal because it did not answer the custodian’s appeal.
DECREE
The April 10, 2013 judgment in favor of the Innocence Project of New Orleans, and against Roñal Serpas is affirmed in all respects. Roñal Serpas is taxed with all costs of this appeal. See La. C.C.P. art. 2164.
AFFIRMED.

. In die event that any record contains material which is not a public record, the custodian may separate the nonpublic record, and still make the public record available. See La. R.S. 44:32 B.

. This subsection also provides diat, if the requester only prevails in part, "the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.” (emphasis added).

.This subsection also provides for the discretionary award of actual damages under certain circumstances. Here, the Innocence Project did not claim any actual damages.

. Lemmon v. Connick expressly disapproved of our inconsistent holding in Bizal v. Connick, 489 So.2d 343 (La.App. 4th Cir.1986).

. After the trial judge ordered the records produced, the custodian’s counsel requested for the first time that they be redacted with respect to the certain private information concerning the victim. The Innocence Project agreed to the in camera inspection and determination by the trial judge.

. The attorney's fee award was $3,000 and the costs of litigation award was $607. As we have mentioned, there was no objection to the amounts. Thus, we need not evaluate them.

. Superintendent Serpas did not argue to the trial court that his "good faith" relieved him of the obligation of paying the attorney’s fees and the costs of litigation.

. The decisions were State v. Burnes, 516 So.2d 375, 375-376 (La.App. 4th Cir.1987) and State v. Baker, 582 So.2d 1320, 1329-1330 (La.App. 4th Cir.1991).