HIGGINBOTHAM, J.
|?,This case concerns four separate public records requests submitted by Mr. Aswell to the Division of Administration of the State of Louisiana (DOA) from October 4, 2014, to November 6,2014.
In Mr. Tom Aswell’s first request on October 4, 2014, he asked for the opportunity “to view the travel, lodging and meal expenses for OGB Interim Deputy Director Bill Guerra from his trip to Orange County, California[.]” On October 6, 2014, the DOA acknowledged receipt of the request and stated that it was conducting a search for the records; however, on October 13, 2014, DOA responded again stating that it had no records that were responsive to Mr. Aswell’s request.
In Mr. Aswell’s second request on October 14, 2014, he asked for the opportunity to review: 1) the request for proposals (RFP) for pharmacy benefit management services for the Office of Group Benefits (OGB); 2) the proposals submitted pursuant to the RFP; 3) the rankings of the RFP’s received; 4) the recommendation for awarding the contract to Medlmpact; and 5) the contract with Medlmpact. On October 14, 2014, the DOA acknowledged receipt of Mr. Aswell’s request and stated that it was conducting a search for the records. On October 21, 2014, DOA notified Mr. Aswell that it was searching for the records and reviewing them for exemptions and privileges and 1 ¡¡would make the records available to him as soon as that process was over. DOA estimated *92 that the records would be available on or before October 31, 2014.
In Mr. Aswell’s third request on October 29, 2014, he sought review of all documents generated by or on behalf of DOA and/or OGB relative to the retention and/or destruction of any and all OGB records. On October 30, 2014, the DOA acknowledged receipt of Mr. Aswell’s request and stated that it was conducting a search for the records. On November 6, 2014, DOA notified Mr. Aswell that it was searching for the records and reviewing them for exemptions and privileges and would make the records available to him as soon as that process was over. DOA estimated that the records would be available on or before November 14, 2014.
In Mr. Aswell’s fourth request, oh November 6, 2014, Mr. Aswell sought to review an email sent about a consultant’s recommendations regarding OGB. DOA responded on November 7, 2014, and November 18, 2014, stating that it was searching for records and/or reviewing them for exemptions and privileges and would make the records available to Mr. Aswell after the review process. On December 2, 2014, Mr. Aswell received all records responsive to the fourth record request.
On January 16, 2015, Mr. Aswell filed a petition for injunctive relief pursuant to the Louisiana Public Records Law against DOA and Ms. Kristy Nichols, individually, and as the Commissioner of Administration and custodian of DOA records. In his petition, he sought a preliminary injunction requiring DOA to provide the-requested public records, statutory penalties, attorney fees, and all costs of the proceeding. After .Mr.-. Aswell’s petition was filed, the public records for Mr. As-well’s first, second, and third requests were produced' to Mr. Aswell’s attorney by DOA on January 23, 2015.
On May 4, 2015, the matter came before the trial court. The parties agreed that the case would be submitted to the trial court based on the pleadings, stipulations of fact, and oral argument. After the parties argued their respective positions, the trial court ruled that DOA was in violation of the Public Records Law as to Mr. As-well’s first public records request, and ordered that DOA pay one-fourth of Mr. Aswell’s attorney fees and costs associated with the suit. The trial court further ordered Ms. Nichols and DOA to pay a penalty in the amount of $800.00 to Mr. Aswell.
As to Mr. Aswell’s second, third, and fourth public records requests, the trial court found no violation of the Public Records Law and dismissed the remainder of 14Mr. Aswell’s' claims. After the hearing, the parties stipulated that one-fourth of Mr. Aswell’s attorney 'fees totaled $1,957.19. Thereafter, on October 21, 2015, a judgment was signed in conformity with the trial court’s ruling. It is from this judgment that DOA appeals contending that the trial court erred in finding that it acted arbitrarily and capriciously by withholding the documents, in assessing a civil penalty against Ms. Nichols, and in awarding Mr. Aswell attorney fees and court costs. Mr. Aswell answered the appeal contending that the trial court erred in dismissing his claims as to his second, third, and fourth public records requests, and seeking attorney fees and costs for this appeal.
LAW AND ANALYSIS
Louisiana Revised Statute. 44:3Í(B)(1) provides “any person of the age of majority may inspect, copy, or reproduce any public record.” Louisiana Revised Statute 44:32(A) further provides, in part, “[t]he custodian shall present any public record to any person of the age of majority who *93 so requests,” The enforcement provision under the Public Records Law is provided in, La. R.S. 44:85, which states in pertinent part:
A. Any person who has been denied the right to inspect, copy, reproduce, or obtain a copy or reproduction of a record under the provisions of this Chapter, either by a determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, arid legal public holidays, from the' date of his in-person, written, or electronic request without receiving a determination in wiiting by the custodian or an estimate of the time reasonably necessary for collection, segregation, redaction, examination, or review of a records request, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with, attorney fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
If the person seeking the right to inspect or to receive a copy of the public record prevails in his enforcement suit, the court shall award him reasonable attorney fees and other litigation costs. La. R.S. 44:35(D). Additionally, if the court finds |Rthe custodian arbitrarily or capriciously withheld the' requested record or unreasonably or arbitrarily failed to respond to the request, the court may award the “requester” any actual damages proven to have resulted from the custodian’s actions. The court may award civil penalties if the custodian unreasonably or arbitrarily failed to respond to the request as required by La. R.S. 44:32, which mandates a response within three days of receipt .of the request, exclusive of. weekends and legal holidays. See La. R.S. 44:32(D).

First Public Records Request

On Saturday, October 4, 2014, Mr. Aswell requested the opportunity “to view the travel, lodging and meal expenses for OGB Interim Deputy Director Bill Guerra from his trip to Orange County, California[.]” On October 6, 2014, the DOA, acknowledged receipt of the request, and stated that it was conducting a search for the records. Subsequently, on October 13, 2014, DOA emailed Mr. Aswell stating, “In response to your public, records request, dated October 4, 2014, the Division of Administration has conducted a search for records. The Division of Administration has no records which are responsive to your request.”
On January 23, 2015, the records responsive to the request were produced by DOA to Mr. Aswell’s attorney. The records revealed that Mr. Guerra’s trip was from September 30 to October 5, 2014. Several of the trip arrangements, such as Mr. Guerra’s flight, rental car, and hotel were reserved in advance of his departure, and his “Travel Expense Statemerit” was approved by OGB’s CEO on October 10, 2014: However, the Office of Finance and Support Services (OFSS), an office within DOA that maintains all travel records for DOA employees, did not approve the travel records of Mr. Guerra until October 20, 2014. It is DOA’s position that.at the time of Mr. Aswell’s request, the travel records were still being processed by OFSS and were not finalized on October 13, 2014, when DOA’s response to the records request was sent to Mr. Aswell.
IfjThe trial court determined that DOA violated the Public Records Law, because the CEO for OGB had approved the travel document on October 10, 2014, and several other documents regarding Mr. Guerra’s travel, lodging, and. meal expenses for. his trip were available on October 13, 2014, the day that DOA sent the response stating it had no records responsive to Mr. *94 Aswell’s request. The trial court stated that DOA was being “overly technical” in its response and, in doing so, was arbitrary and capricious.
The terms “arbitrary and capricious” mean willful and unreasoning action, absent consideration and in disregard of the facts and circumstances of the case. However, when there is room for two opinions, an action is not arbitrary or capricious when exercised honestly and upon due consideration, even though it may be believed an erroneous conclusion has been reached. Toups v. City of Shreveport, 2010-1559 (La.3/15/11), 60 So.3d 1215, 1217. The test for determining whether an action was arbitrary or capricious is whether the action taken was “without reason.” Calcasieu League for Environmental Action Now v. Thompson, 93-1978 (La.App. 1st Cir.7/14/95), 661 So.2d 143, 150, writ denied, 95-2495 (La.12/15/95), 664 So.2d 459 (quoting Matter of Recovery I, Inc., 93-0441 (La.App. 1st Cir.4/8/94), 635 So.2d 690, 699-700, writ denied, 94-1232 (La.7/1/94), 639 So.2d 1169).
It was evident from the documents attached to the formal Stipulations of Fact that DOA had several documents responsive to Mi’. Aswell’s request on October 13, 2014; thus, after review of the record, we find no abuse on the part of the trial court finding that DOA arbitrarily and capriciously withheld the requested records. See Innocence Project New Orleans v. New Orleans Police Dept., 2013-0921 (La.App. 4th Cir.11/6/13), 129 So.3d 668, 676.

Attorney Fees and Penalty

|7DOA contends that the trial court erred in awarding Mr. Aswell attorney fees. Louisiana Revised Statute 44:35(D) provides:
If a person seeking the right to inspect, copy, or reproduce a record or to receive or obtain a copy or reproduction of a public record prevails in such suit, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney fees or an appropriate portion thereof.
(Emphasis added.)
DOA contends that because Mr. Aswell was given the requested documents months prior to the hearing before the trial court, he did not “prevail” in his suit and, therefore, was not entitled to attorney fees. The requested records were produced only after Mr. Aswell was forced to file suit pursuant to La. R.S. 44:35(A). For purposes of La. R.S. 44:35(D), the production of the records after Mr. Aswell filed suit is sufficient to establish that he “prevailed] in such suit.” If we were to accept DOA’s argument, public records custodians would be allowed to deny access to public records until suit has been filed and after the requestor has incurred the costs of instituting proceedings, thereby unilaterally precluding the requestor any possibility of “prevailing” on his suit. This would hinder the fundamental right of the public to have access to public records, which is guaranteed by the constitution. La. Const. art. 12, § 3; Heath v. City of Alexandria, 2009-28 (La.App.3d Cir.5/6/09), 11 So.3d 569, 572.
Once a record requester prevails in a suit under the Louisiana Public Records Law, La. R.S. 44:35 mandates an award of reasonable attorney’s fees and other costs of litigation. The statute further states that if the records requester is partially successful in its suit the court has discretion in awarding reasonable attorney’s fees. La. R.S. 44:35(D). As to Mr. Aswell’s first public records request, the trial court determined, and we agree, that DOA violated the Public Records Law in withholding records that were in its possession. Because Mr. Aswell prevailed in part in his suit, |swe find no error in the trial court’s discretionary award of one-fourth of Mr. Aswell’s attorney fees and costs.
*95 In addition to attorney fees, the trial court ordered DOA and Ms.- Nichols to pay a penalty in the amount of $800.00. Louisiana Revised-Statute 44:35(E)(1) provides:
If the Court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed'" one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
The first sentence of the statute provides for actual damages if the custodian arbitrarily or capriciously withheld the requested record or failed to respond. In contrast, in the second sentence, the statute provides for civil penalties only if the custodian arbitrarily or unreasonably failed to respond. See Capital City Press, L.L.C. v. Louisiana State University System Bd. of Sup’rs, 2013-2001 (La.App. 1st Cir.12/30/14), 168 So.3d 727, 743-44, writ denied, 2015-0209 (La.4/17/15), 168 So.3d 401. The trigger for a discretionary award of civil penalties is the failure of the custodian to properly respond to a requester within the three-day statutory period. Innocence Project New Orleans, 129 So.3d at 675.
In this case, we agree with the trial court’s determination that DOA arbitrarily withheld the documents when it responded to Mr. Aswell’s. records request stating that it was not in possession of documents responsive to his request when the record reveals that it was, and we find that DOA’s response to Mr. Aswell’s request was not entirely truthful. However, DOA did timely respond to Mr. Aswell’s request within the timeframe set forth in La. R.S. 44:32, and we are bound by the clear language of the statute which provides for civil penalties only when the- records 13custodian unreasonably or arbitrarily fails to respond as required by La. R.S. 44:32. Additionally, Mr. Aswell did not request nor prove entitlement to actual damages. For these reasons, we reverse the portion of the opinion ordering DOA and Ms. Nichols to pay an $800.00 penalty.

Second, Third, and Fourth Public Records Requests

In regards to Mr. Aswell’s second, third, and fourth public records requests, he contends that the trial court erred in finding that DOA did not violate the Public Records Law and in dismissing his claims on those requests.
As to Mr. Aswell’s second public records request, Mr. Aswell attached documents showing that on October 14,- 2014, a staff member of the Louisiana House of Representatives made a request to an employee of DOA seeking the Medlmpact contract, the RFP, the ratings, and the recommendations for awarding the contract. In response, the staff member received documents totaling 203 pages on October 24, 2014. Mr. Aswell’s attorney did not'receive the documents responsive to his second records request until January 23, 2015. The documents Mr. Aswell’s attorney received totaled 2,519 pages. The trial court pointed out that Mr. Aswell’s request was much broader and Was not as easily answered as the request made by the member of the legislative staff. The evidence presented does not prove that DOA was unreasonable in its response to Mr. Aswell’s second public records requests.
A review of the record shows that unlike in Mr. Aswell’s first request, DOA-did not *96 withhold from Mr. Aswell the right to inspect or copy the requested public records in his second, third, and fourth requests. Instead, DOA - timely responded to Mr. Aswell’s public records requests in writing, determined that Mr. Aswell was entitled to receive the requested documents, and stated that after reviewing the documents for exemptions and privileges it would make the records available to him. DOA also provided an estimated time reasonably necessary for collection, | ^segregation, and redaction' of the records. Furthermore, Mr. Aswell ultimately received the appropriate records responsive to each request.
The records were provided to Mr. As-well considerably later than DOA’s estimation of when the records would be produced, but because this matter was submitted on stipulations of fact, there was limited evidence introduced as to the reason for the delay. In its oral reasons for judgment, the trial court acknowledged that Mr. Aswell’s public records requests were very voluminous. There was no evidence in the record to prove that the delay was due to anything other than the time required for DOA to complete the requests. The enforcement provision of the statute does not address the custodian’s failure to provide the records within the estimated time, nor was the evidence before us sufficient to determine if DOA was reasonable in its delay of producing the records to Mr. Aswell. See La. R.S. 44:35. Thus, given the limited evidence in the record, we find no manifest error in the trial court’s determination that DOA did not violate the Louisiana Public Records Law in its response to Mr, Aswell’s second, third, and fourth public records request.

Additional Attorney Fees and Costs

Mr. Aswell also requested additional attorney fees and costs associated with answering and defending the appeal. Generally, an increase in attorney fees should be awarded when a party who was awarded attorney fees in the trial court is forced to and successfully defends an appeal. Genusa v. Dominique, 97-0047 (La.App. 1st Cir.2/20/98), 708 So.2d 784, 792. As Mr. Aswell successfully defended a portion of the appeal, we award him an additional $1800.00 in attorney fees for services rendered in connection with the appeal.
CONCLUSION
For the foregoing reasons, the portion of the trial court’s judgment ordering Ms. Nichols and DOA to pay a penalty in the amount of $800.00 is reversed. The judgment is amended to award an additional $1800.00 to Mr. Aswell for attorney |nfees for this appeal. In all other respects, the judgment of the trial court is affirmed. The cost of this appeal in the amount of $1,225.00 is assessed to the Division of Administration of the State of Louisiana.
AMENDED, AND AS AMENDED, AFFIRMED IN PART; REVERSED IN PART.