
# IN THE SUPREME COURT OF GUAM

## JOHN RYAN,
Petitioner-Appellee,

**v.**

## EDWARD M. BIRN in his official and individual capacity as the Director of the Department of Administration,
Respondent-Appellant.

Supreme Court Case No. CVA24-002
Superior Court Case No. SP0115-23

## OPINION

## Cite as: 2024 Guam 11

Appeal from the Superior Court of Guam
Argued and submitted on July 15, 2024
Hagåtña, Guam

Appearing for Respondent-Appellant:
Nathan M. Tennyson, *Esq.*
Acting Deputy Attorney General
Office of the Attorney General
590 S. Marine Corps Dr., Ste. 801
Tamuning, GU 96913

Appearing for Petitioner-Appellee:
Braddock J. Huesman, *Esq.*
Razzano Walsh & Torres, P.C.
139 Murray Blvd., Ste. 100
Hagåtña, GU 96910



**E-Received**
12/20/2024 3:02:00 PM

BEFORE: ROBERT J. TORRES, Chief Justice; F. PHILIP CARBULLIDO, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**CARBULLIDO, J.:**

[1]     Respondent-Appellant Edward M. Birn, Director of the Department of Administration ("DOA"), appeals from a decision finding he withheld documents without justification when he failed to respond to a Sunshine Reform Act request made by Petitioner-Appellee John Ryan. The Superior Court ultimately ordered the disclosure of the documents after it conducted an *in camera* review and determined them to be public records. Without challenging the trial court's finding that these documents were public records, Birn claims the court erred when it imposed a statutory penalty for his conduct, fining him $1,000.00 in his personal capacity. DOA does not challenge the court order that it pay Ryan's court costs and reasonable attorney's fees.

[2]     Since the Superior Court did not make factual findings to support its conclusion that Birn withheld the documents without justification, we vacate the decision finding Birn personally liable for the fine and remand the case for further inquiry into Birn's justification for withholding the documents.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[3]     Ryan is a tax whistleblower and claims to have assisted the government of Guam with the recovery of unpaid commercial tax proceeds from certain alcohol wholesalers. Ryan also claims that he has not been paid the statutory award under 5 GCA § 37103 for filing proceedings under the False Claims and Whistleblower Act ("Whistleblower Act") to recover these funds.

[4]     Ryan submitted a request for public records under the Sunshine Reform Act ("Sunshine Act") to DOA. The request sought the following information from DOA related to the Department of Revenue and Taxation ("DRT"):

1. Any public records evidencing any payment from the Government of Guam, of any monetary amount, to: (1) [DRT]; (2) Mary Ann Palomo; or (3) any other employee of [DRT] (not including checks evidencing salary, wage or benefit payments).

2. Any public records evidencing any payment from the Government of Guam to [DRT] and endorsed by Mary Ann Palomo or any other employee of [DRT].

3. Any public record authorizing Mary Ann Palomo or any other employee of [DRT] or of the Government of Guam or any of its line-item agencies, to endorse any check made payable to the Government of Guam.

Record on Appeal ("RA"), tab 1 (V. Pet., Aug. 25, 2023), Ex. A (Ryan Sunshine Act Req. to DOA, July 31, 2023). Ryan believes these records are relevant to his claims that the government improperly withheld payment of whistleblower awards due to him. Birn responded three days later, asserting that Ryan did not "reasonably . . . describe[] an identifiable record or records" as required by the Sunshine Act and requesting that he identify the records accordingly. RA, tab 1, Ex. B (Birn Resp. Sunshine Act Req., Aug. 3, 2023) (quoting 5 GCA § 10103(c) (2005)). Six days later, Ryan sent a second letter clarifying the request and informing Birn he was seeking evidence of whistleblower award payments historically made by DRT.

[5] Birn did not reply to the second letter. A little over two weeks after sending the second letter, Ryan filed in the Superior Court a verified petition for inspection, seeking copies of public records and requesting penalties for non-disclosure. RA, tab 1 at 3 (V. Pet.) ("Mr. Ryan is simply requesting public records . . . regarding action taken with respect to historical payments made to whistleblowers."). Ryan claimed the disclosure was expressly authorized by the Sunshine Act. *Id.* ("[T]he Sunshine Act specifically provides that the 'total amounts of [tax] money owed to or owed by a person, and the penalties levied against and owed by a person, shall be public information and not exempt from disclosure." (second alteration in original) (quoting 5 GCA § 10108(d))).

**[6]**     Birn claimed that 5 GCA § 10108(d) was inapplicable because "the total amount of tax money owed *by the taxpayer* is not what the requests seek[].  Rather the requests seek information on the payments or award that were made to *the whistleblower*." RA, tab 7 at 4 (Resp. Order Show Cause, Sept. 8, 2023).  According to Birn, this distinction means the documents were exempt from disclosure under the Organic Act, which "requires that the [sic] Guam 'mirror' the Internal Revenue Code (IRC) and its regulations." *Id.* (citing 48 U.S.C.A. § 1421i(e) (Westlaw through Pub. L. 118-150 (2024))).  According to Birn, the IRC has been interpreted to "protect the identity of the whistleblower to the fullest extent." *Id.*  In addition, Birn emphasized that the requested documents "appear to concern whistleblower awards made by DRT pursuant to 5 GCA § 37103(b)," which, he contended, "authorizes DRT to make a monetary award to persons who report violations concerning the underpayment of taxes." *Id.*  At a hearing on an order to show cause, DOA claimed it had been instructed by DRT to keep the requested documents confidential but clarified that DOA would submit the documents to the court and comply with the court's determination about disclosure.

**[7]**     Birn agreed to provide the documents to the Superior Court for *in camera* inspection.  The entire disclosure was part of the record below and included various historical documents from 2009-2010.

**[8]**     Following its *in camera* review, the Superior Court found that Birn did not provide any "express law or exception" under the Sunshine Act that justified his failure to make available the requested documents.  RA, tab 14 at 3 (Order Granting Pet., Dec. 28, 2023).  More specifically, the court determined: "A citation to a policy of another agency does not satisfy the explicit rule in the statute, carving out a limited exception for only items expressly prohibited by law or listed as exceptions under [5 GCA] § 10108." *Id.*  Further, the court concluded that "Ryan has the right to

inspect the requested documents" and ordered the immediate release of the requested information to him because "Birn's failure to disclose the requested information was not justified." *Id.* at 3-4.

[9]      The trial court also imposed additional statutory penalties for non-disclosure:

> The Court now turns to additional penalties for non-disclosure. "If the Court finds that the public official's decisions to refuse disclosure is not justified under this Chapter, the Court shall order the public official to pay a fine of One Thousand Dollars ($1,000)." Additionally, "[t]he Court shall award court costs and reasonable attorney fees to the [P]laintiff should the [P]laintiff prevail after initially filing the [C]omplaint pursuant to [the Sunshine Act]." Therefore, as the Court found the nondisclosure unjustified, it fines Birn $1,000 and grants Ryan his court costs and reasonable attorney's fees.

*Id.* at 4 (alterations in original) (quoting 5 GCA § 10112(a), (d) (2005)). Under 5 GCA § 10112, the Superior Court imposed the $1,000.00 fine against Birn in his personal capacity. Birn timely appealed.

## II.  JURISDICTION

[10]     This court has jurisdiction over final orders and final judgments entered in the Superior Court of Guam. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 118-157 (2024)); 7 GCA §§ 3107, 3108(a) (2005).

## III.  STANDARD OF REVIEW

[11]     We review the trial court's conclusions of law, including statutory interpretation, *de novo*. *San Nicolas v. Birn*, 2022 Guam 8 ¶ 17; *Ada v. Guam Tel. Auth.*, 1999 Guam 10 ¶ 10. "The trial court's factual findings are reviewed for clear error." *People v. Viva*, 2023 Guam 24 ¶ 12. "A finding of fact is clearly erroneous where it is not supported by substantial evidence, and this court is left with a definite and firm conviction that a mistake has been made." *In re Guardianship of Moylan*, 2018 Guam 15 ¶ 6 (citation omitted).

//

//

## IV. ANALYSIS

**[12]**　　Birn does not challenge the Superior Court's determination that the documents are not exempt from disclosure. Instead, he asks this court to recognize that a "public official's decision to withhold records, though in error, [can be] 'justified' by good faith reliance on a reasonable legal or factual basis." Appellant's Br. at 11 (May 8, 2024). Birn asks this court to reverse the fine levied against him personally on the grounds that his refusal to disclose was justified by good faith reliance on Guam law and applicable federal laws, including IRC rules and regulations. The only question before us is whether the record supports the trial court's decision that Birn was *not justified* in withholding the documents, given the ambiguity of multiple exemptions outlined in the statutory scheme.

**[13]**　　We conclude that a decision to refuse disclosure of documents that are ultimately found to be public records does not, as a matter of law, establish a public official's liability for a fine under 5 GCA § 10112(a). The inquiry into whether public records should be disclosed must be decoupled from whether a public official should be fined for their unjustified decision to refuse disclosure. We clarify that a trial court's finding that a "public official's decision to refuse disclosure is not justified" under 5 GCA § 10112(a) and its imposition of a fine must be supported by more than the conclusion that the documents were not protected from disclosure.

**[14]**　　We vacate the decision of the trial court imposing a fine on Birn and remand to provide the trial court an opportunity to develop a record of Birn's decision to refuse disclosure.

### A. The Statutory Fine Should Be Imposed only if There Is a Finding Supported by Substantial Evidence that the Public Official's Actions Were Unjustified

**[15]**　　The Sunshine Act states that "[e]very person has the right to inspect and take a copy of any public document on Guam, except as otherwise expressly prohibited in law, and except as provided in § 10108 of this Chapter." 5 GCA § 10103(a). If an agency "fails to comply with the applicable

time limit provisions" of section 10103,[1] the person making the request is deemed to have "exhausted his administrative remedies" and may "institute proceedings" in the Superior Court "to enforce that person's right to inspect or to receive a copy of any public records or class of public records" pertaining to the request. 5 GCA § 10111(a)-(b) (2005).

[16]   The procedures outlined in the statute provide that if a verified petition makes it to appear that public records are being improperly withheld, the Superior Court must order the responsible officer to promptly disclose the records or explain why they should not. 5 GCA § 10111(c). The Superior Court will review the records privately, along with any filed papers, oral argument, and additional evidence. *Id.* The burden is on the agency to prove its action is justified. *Id.* All records are presumed public, and the agency or person claiming privacy must prove the record should not be disclosed. *Id.* If the Superior Court "finds that the public official's decision to refuse disclosure *is not justified* . . . , the Court shall order the public official to make the record public." 5 GCA § 10111(e) (emphasis added). Certain penalties for nondisclosure are specified in a separate section:

> If the Court finds that the public official's decision to refuse disclosure *is not justified* under this Chapter, the Court shall order the public official to pay a fine of One Thousand Dollars ($1,000.00). The fine shall be a personal expense for the responsible official and in no way shall the fine be paid by the agency or the government of Guam.

5 GCA § 10112(a) (emphasis added). Additionally, "[a]ny officer or employee who acts arbitrarily or capriciously in withholding a public record from a requesting person shall be guilty of a misdemeanor." 5 GCA § 10112(c). The interpretation and meaning of the term "not justified" when imposing a fine for refusal to disclose public records is one of first impression.

---

[1] Title 5 GCA § 10103 provides that an agency has four working days to comply with a request, or ten calendar days in "unusual circumstances." 5 GCA § 10103(d)-(e).

**[17]**　　The trial court assumed that once it determined the documents were not protected from disclosure under section 10111(e), then as a matter of law, Birn was liable for a fine under section 10112(a). RA, tab 14 at 4 (Order Granting Pet.). Ryan argues this is the only reasonable interpretation of the term "justified" between the two provisions of the Sunshine Act. He claims that "[b]ecause the Sunshine Act links disclosure of documents and payments of attorneys' fees to the terms 'justified' and 'not justified,' there is no way to keep the current scheme intact and provide for good faith errors." Appellee's Br. at 43 (June 20, 2024). Birn asks this court to adopt "a broad interpretation of 'justified' that includes good faith reasons that do not, ultimately, exempt public records from disclosure." Appellant's Br. at 13. We agree with Birn that the imposition of a civil penalty under 5 GCA § 10112 should be "context sensitive rather than simply a matter of strict liability." *Id.* at 14. We conclude there is a distinction between "justification" under section 10111(e) and "justification" under section 10112(a). A legal conclusion that a document must be disclosed under section 10111(e) does not automatically trigger a statutory fine under section 10112(a), as the latter requires a separate *factual* determination about the official's conduct.

**[18]**　　We disagree with Ryan's argument that expanding the term "justified" to include "good faith" efforts would somehow limit a litigant's right to recover court costs or reasonable attorney's fees. Appellee's Br. at 43. A petitioner is entitled to an award of court costs and reasonable attorneys' fees under section 10112(d) of the Sunshine Act when the trial court orders disclosure of the documents after a petition is filed, regardless of whether there is a finding that the documents were withheld without justification under section 10112(a).

**[19]**　　There are sound policy reasons to distinguish between the legal and factual justification for withholding documents. Birn argues that imposing strict liability for a nondisclosure ultimately found unjustified under section 10111(e) would create "a chilling effect on government officials

responsible for complying with public records requests and will limit their ability to exercise discretion in withholding disclosures in good faith due to fear of being personally subject to a strict liability fine if they are wrong." Appellant's Br. at 13. We agree with Birn. In cases such as this, where disclosure of a document may be uncertain, a public official might be motivated to disclose the document, even if it may be exempt for legitimate policy reasons, in fear of the statutory penalty.

[20]    Birn had a duty to timely respond to Ryan's request. *See* 5 GCA § 10103(d). When the disclosure of a document under the Sunshine Act is required, a government official's failure to act may warrant imposing the civil penalty authorized by section 10112(a), or even criminal liability under section 10112(c). However, such a finding must be grounded in substantial evidence. *In re Guardianship of Moylan*, 2018 Guam 15 ¶¶ 6, 16 (holding trial court did not abuse its discretion where finding was supported by substantial evidence). On remand, the trial court should carefully assess whether Birn's delay in disclosing the documents was "justified" under section 10112(a) and evaluate the reason for Birn's untimely response. While we do not condone untimely disclosure under the Sunshine Act, the trial court's decision to impose a fine under section 10112(a) must be supported by more than the legal conclusion that the documents are not protected from disclosure. There must be substantial evidence that the refusal by the public official to disclose was not justified.

## B. An Official May Justify Not Disclosing Public Records if They Have a Good Faith Belief that Their Interpretation of a Statute Is Reasonable

[21]    Although Birn does not appeal the trial court's conclusion that exceptions available under section 10108 do not apply to Ryan's record request, Birn's decision to delay disclosure until *in camera* review may have been justified by the legislative framework. We are convinced that there may be instances where a public official's reasonable interpretation of a statute or rule that

ultimately turns out to be incorrect may nevertheless justify their decision to withhold a document. For example, in construing a similar statutory scheme to Guam's Sunshine Act,[2] the Louisiana Court of Appeal reversed the award of civil penalties against a public official, despite the documents being unprotected, because the official acted reasonably in their good faith belief in their statutory interpretation. *Cap. City Press, L.L.C. v. La. State Univ. Sys. Bd. of Supervisors*, 2013-2001, pp. 21-22 (La. App. 1 Cir. 12/30/14); 168 So. 3d 727, 743-44; *see also Loc. 100, Serv. Emps.' Int'l Union v. Forrest*, 95-1954, p. 7 (La. App. 1 Cir. 5/10/96); 675 So. 2d 1153, 1157 (denying a request for civil penalties where information was not protected from disclosure because the agency "acted in good faith in asserting the privacy interest of the nurse's aides in refusing to disclose the requested information"). Given a public official's dual responsibility to respond promptly to Sunshine Act requests while safeguarding statutory protections for certain information, an official's good faith belief that a privacy statute prevents disclosure can justify withholding a document, even if the interpretation later proves to be incorrect. *See Loc. 100*, 95-1954, pp. 6-7 (La. App. 1 Cir. 5/10/96); 675 So. 2d at 1157.

[22]    The party seeking to prevent disclosure bears the burden of proving that he or she was justified in withholding the public record. 5 GCA § 10111(c). Birn's initial response emphasized the need to protect the identity of whistleblowers as a justification for withholding the documents, contending:

> Whistleblowing is a program built on trust. A whistleblower divulges information confidentially (and often fearfully), with the expectation that his/her

---

[2] Prior to 2024, Louisiana had been one of the few other jurisdictions that also fined public officials in their personal capacity for "unreasonably" failing to respond to a public records request. La. Stat. Ann. § 44:35(E)(2) (2023) (as amended by 2022 La. Sess. Law Serv. 770 (West)); *Cap. City Press, L.L.C. v. La. State Univ. Sys. Bd. of Supervisors*, 2013-2001, pp. 21-22 (La. App. 1 Cir. 12/30/14); 168 So. 3d 727, 743 ("The custodian shall be personally liable for the payment of any such damages."). Although Louisiana recently amended their law to no longer hold custodians personally liable for fines, we find their prior case law persuasive. *See* 2024 La. Sess. Law Serv. 493 (West) (amending La. Stat. Ann. § 44:35(E)(2) to state: "No person shall be personally liable for any penalty provided in this Chapter . . . . In all instances in which a penalty is assessed, the public body shall be responsible for such penalties.").

> identity will be kept confidential so as to avoid any retaliation. The Organic Act requires that the [sic] Guam "mirror" the Internal Revenue Code (IRC) and its regulations. It is the long-standing policy of the IRC to protect the identity of the whistleblower to the fullest extent.

RA, tab 7 at 4 (Resp. Order Show Cause). Based on these representations, the trial court concluded that "[a] citation to a policy of another agency does not satisfy the explicit rule in the statute, carving out a limited exception for only items expressly prohibited by law or listed as exceptions under § 10108. Birn fails to provide any express law or exception under § 10108." RA, tab 14 at 3 (Order Granting Pet.). The trial court also acknowledged that "[s]ection 10108 provides limitations on the right of inspection, none of which apply here." *Id.*

[23] Given the similarity of sections 10111(e) and 10112(a), the trial court seems to have understandably assumed that if it ordered the documents to be disclosed, it could impose a fine as a matter of law. We do not disturb the trial court's conclusion that the documents were public records and that the exceptions under section 10108 are inapplicable. However, Birn is correct that "the Sunshine Reform Act is not intended to abrogate protections from disclosure that are otherwise instituted by law." Appellant's Br. at 15 (citing 5 GCA § 10108(i)). As Birn claims his refusal to disclose was based on both the IRC and the Whistleblower Act, we conclude it is necessary for the trial court to determine whether Birn's interpretation of the relevant statutes and regulations was reasonable. Even if Birn's interpretation was incorrect—an issue on which we express no opinion—his decision to withhold the documents may still be "justified" if the trial court finds that he acted in good faith and his interpretation of the law was reasonable. We remand the case to allow the trial court to determine whether Birn's decision to withhold documents was supported by a good faith belief in a reasonable interpretation of a statute or rule. Whether the trial court finds Birn's actions were justified or unjustified, such a finding must be supported by substantial evidence.

## C.  Ryan Is Not Entitled to Attorney's Fees for Defending the Appeal

**[24]**  Ryan requests additional attorney's fees for defending this appeal.[3]  "Generally, an increase in attorney fees should be awarded when a party who was awarded attorney fees in the trial court is forced to and successfully defends an appeal."  *Aswell v. Div. of Admin.*, 2015-1851, p. 10 (La. App. 1 Cir. 6/3/16); 196 So. 3d 90, 96.  Since Ryan has not prevailed in this appeal, we decline to award him additional attorney's fees for services rendered in connection with this appeal.

## V.  CONCLUSION

**[25]**  Although Birn's delay in responding to a Sunshine Act request was improper, imposing a fine under 5 GCA § 10112(a) based solely on the legal conclusion that the documents are not protected from disclosure was erroneous.  When acting in good faith, a public official's reasonable interpretation of a statute, even if later found incorrect, may justify withholding documents.  The imposition of a fine under 5 GCA § 10112(a) must be based on a factual finding—supported by substantial evidence—that the public official's decision to refuse disclosure was not justified.  A conclusion that documents must be disclosed under section 10111(e) does not establish, as a matter of law, a public official's liability for a fine under section 10112(a).  Since the trial court did not make factual findings to support its imposition of a fine upon Birn for withholding documents, we set aside the fine and **REMAND** the case for further consideration.



| /s/ | /s/ |
| --- | --- |
| F. PHILIP CARBULLIDO | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |

/s/
ROBERT J. TORRES
Chief Justice

---

[3] The trial court awarded Ryan $12,930.00 in attorney's fees and $393.30 in costs for prosecuting his claims. Birn does not appeal that award, and our decision vacating the civil penalty does not disturb that award.